Maria Pellegrino Rivera (State Bar No. 018124)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862 2200
Email:mrivera@kirkland.com

Tabitha J. De Paulo (*Pro Hac Vice Application Forthcoming*)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Tel.: (713) 836-3600
Email: tabitha.depaulo@kirkland.com

*Attorneys for 3M Company,*
*3M Occupational Safety, LLC,*
*Aearo Technologies LLC,*
*Aearo LLC, Aearo Holding LLC,*
*and Aearo Intermediate, LLC*

**IN THE UNITED STATE DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LIABILITY LITIGATION<br><br>CASE NO. 3:19-md-02885-MCR-GRJ<br><br>NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION | Case No. _____<br><br>**3M'S MOTION TO COMPEL DISCOVERY FROM TOP CLASS ACTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES** |

Pursuant to Federal Rule of Civil Procedure 45, 3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate, LLC and Aearo, LLC ("3M") request an order compelling Top Class Actions ("TCA"), to produce or otherwise make available documents and information requested in 3M's subpoena *duces tecum* (the "Subpoena") dated February 7, 2020. (Ex. 1, Subpoena *Duces Tecum*, February 7, 2020; Ex. 2, Aff. of Serv.) In support of this motion, 3M states as follows:

**BACKGROUND**

The Subpoena arises out of multidistrict litigation pending before the Honorable M. Casey Rodgers in the United States District Court for the Northern District of Florida, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885 ("MDL 2885"). MDL 2885 relates to claims for personal injuries allegedly sustained from use of the Combat

Arms Earplug Version 2 ("CAEv2"). As set forth in plaintiffs' Master Long Form Complaint, plaintiffs include mostly service members who used the CAEv2 while in the military. (*See* MDL 2885, ECF No. 704.) Among other contentions, plaintiffs allege that the CAEv2 is defective in its design and that 3M failed to warn plaintiffs of the risks and dangers of the product. (*Id.*) 3M disputes these allegations.

TCA maintains a publicly-available website where it advertises for potential claimants to join the CAEv2 litigation.[1] Through the Subpoena, Defendants seek: (1) documents related to any prospective claimants' submissions to TCA's website regarding potential claims and damages relating to CAEv2, including information collected from any prospective plaintiff; (2) documents relating to the marketing or advertising directed to prospective plaintiffs to join MDL 2885; (3) documents and communications between plaintiffs' law firms and TCA relating to prospective plaintiffs in MDL 2885; (4) documents relating to the referral of any prospective plaintiff to a lawyer; and (5) documents regarding any financial interest or ownership that any plaintiffs' law firm has in TCA. (*See* Ex. 1.)[2]

On February 21, 2020, counsel for TCA served objections to the Subpoena. (*See* Ex. 3, TCA's Feb. 21, 2020 Objections to Defendants' Subpoena.) Following the parties' telephonic meet-and-confer on March 16, 2020, TCA agreed to produce documents responsive to certain requests in the Subpoena. On April 9, 2020, counsel for TCA sent a letter to counsel for 3M objecting to all eight Requests, but producing select documents related to Request Nos. 3, 4, 5, and 6. (*See* Ex. 4, April 9, 2020 Letter from Amy Wilkins.) In its letter, counsel for TCA objected to producing documents responsive to Request Nos.

---

[1] *See 3M Earplug Lawsuit Investigation Into Military Hearing Loss, Tinnitus*, Top Class Actions, https://topclassactions.com/lawsuit-settlements/military/870889-3m-ear-plugs-class-action-lawsuit-investigation-into-military-hearing-loss-tinnitus/ (last visited May 31, 2020).

[2] 3M served TCA with the Subpoena on February 7, 2020. (*See* Ex. 1.) The Subpoena required TCA to produce the requested documents on or before February 21, 2020 at 3101 N. Central Ave., Suite 290, Phoenix, AZ 85012. (*See id*.)

1 and 6 that contained "confidential, attorney-client privileged, or attorney work product."[3] With regard to Request No. 2,[4] TCA also objected to producing "analysis by the law firm regarding the claimants or claims, to the extent these were prepared in anticipation of litigation or contain attorney mental impressions or opinions about the case" as attorney work product. (*See* Ex. 4 at 3.) TCA also objected to Request Nos. 7 and 8[5] as "intrusive and unlikely to lead to the discovery of admissible evidence."

On May 7, counsel for TCA produced additional documents responsive to the Subpoena, in addition to a privilege log identifying documents redacted or withheld on the basis of privilege. (*See* Ex. 5, May 7, 2020 TCA Privilege Log.) The privilege log and the documents produced in response to the Subpoena demonstrate that many documents were improperly withheld on the basis of attorney-client privilege, attorney work product, and client confidentiality. For example, TCA's productions refer to spreadsheets with potential leads related to the Combat Arms Earplugs MDL. (*See, e.g.*, Ex. 6, TCA 3M REDACTED 000001; Ex. 7, TCA-3M000015.) These spreadsheets are directly responsive to Defendants' Subpoena, but no such spreadsheets have been produced, nor any privilege basis asserted for these documents.

On May 20, counsel for 3M sent counsel for TCA a letter identifying deficiencies in its responses, including that TCA improperly withheld documents on the basis of

---

[3] Request No. 1 requests, "[a]ll documents relating to any Claimant, including any information collected from any Claimant, analysis of the scope or amount of any Claims, database information, forms, presentations, spreadsheets, audio or visual recordings, photographs, images, and other any other data or data compilations."

Request No. 6 requests "[a]ll communications between you and any Plaintiffs' Law Firm or other lawyers related to the Claimants and any of their Claims."

[4] Request No. 2 requests "[a]ll documents relating to any analysis done by you or sent to you by any Person, including any Plaintiffs' Law Firm or any other lawyer, regarding any Claimant(s) or any of their Claims."

[5] Request No. 7 requests "[a]ll documents regarding any financial interest that any other Person, including any Plaintiffs' Law Firm, has in you." Request No. 8 requests "[a]ll documents relating to your ownership by any other Person, including any Plaintiffs' Law Firm."

3

attorney-client and work-product privileges that are not applicable to TCA.[6] (Ex. 8, May 20, 2020 Letter from T. De Paulo.) On June 9, counsel for TCA reiterated its objections and provided an updated privilege log. (Ex. 9 at 1, June 9, 2020 Letter from Amy Wilkins; Ex. 10, June 9, 2020 TCA Privilege Log.) TCA confirmed that it did not intend to produce additional documents "absent a court order." (Ex. 9 at 1.) As set forth in the Certificate of Counsel attached hereto, despite its sincere attempts, 3M believes it has exhausted its efforts to resolve this matter without the need for motion practice in accordance with Local Rule 7.2(j).

## POINTS AND AUTHORITIES

Nonparty subpoenas are governed by Rule 45. *See* Fed. R. Civ. P. 45; *see also Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC*, 2016 WL 159952, at *2 (D. Ariz. Jan. 14, 2016). If a nonparty objects to a Rule 45 subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).[7] TCA continues to object to producing documents responsive to the Subpoena on the grounds of client confidentiality, attorney-client privilege, and attorney work product—none of which are applicable to non-party, non-attorney TCA. Indeed, TCA has already lost a similar argument in prior litigation in this very district. *See* Ex. 14, *In re General Motors LLC Ignition Switch Litig.*, Case No. 2:17-mc-00042 (DLR) (D. Az. Aug. 16, 2017) (rejecting TCA's privilege and confidentiality arguments and requiring production of documents responsive to a

---

[6] 3M further identified deficiencies in TCA's privilege log, including that the descriptions did not provide sufficient detail to allow 3M to assess the privilege claim, as required under Federal Rule of Civil Procedure 45. *See* Fed. R. Civ. P. 45(e)(2) (requiring a party withholding documents on the basis of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). As of the date hereof, TCA has not supplemented its privilege log, as requested by 3M.

[7] Pursuant to Rule 45(c)(2), 3M requested that TCA produce the requested documents at 3101 N. Central Ave., Suite 290, Phoenix, AZ 85012, less than twelve miles from TCA's offices. Accordingly, "the district where compliance is required" is the District of Arizona and therefore, this Court is the proper forum for 3M to seek enforcement of the Subpoena through a motion to compel.

4

1  substantively similar subpoena). For the reasons set out below, TCA's unsupported
2  objections should be overruled and the Court should compel TCA to produce the requested
3  documents.

### A.   TCA Improperly Withheld Responsive Documents on the Basis of Client Confidentiality.

As an initial matter, TCA wrongly objects to production of responsive documents on the basis of client confidentiality. As support, TCA cites Arizona Rule of Professional Conduct ER 1.6(a), which states that "[a] *lawyer* shall not reveal information relating to the representation of a client unless the client gives informed consent." Az. St. S. Ct. R. 42 RPC ER 1.6(a) (emphasis added). But TCA does not allege that it is a lawyer; instead, it states that as the attorney's *agent*, TCA "likewise has a duty of confidentiality and cannot reveal the names of the claimants or the content of the communication." Ex. 4, at 2. As support for this assertion, TCA cites the Restatement (Third) of the Law Governing Lawyers § 60 (2000), which states that "[a]gents of a lawyer assisting in representing a client serve as subagents and as such independently owe a duty of confidentiality to the client." *Id.*

TCA misconstrues its role. *First*, TCA is not a lawyer that owes a duty of confidentiality to its clients under the Arizona Rules of Professional Conduct. TCA's clients are law firms, not the potential claimants in the Combat Arms Earplugs litigation. *Second*, TCA is not an agent of any lawyer "assisting in representing a client." In fact, TCA has *no* role in the representation—its role is instead to deliver the clients to the law firms, and at that point, its assistance to the client ends.[8] *Finally*, TCA's own website warns potential claimants that TCA "is not a law firm," and claimants "should not use this website to submit confidential, time sensitive, or privileged information."[9] In addition, each TCA

---

[8]   Even if ER 1.6(a) applied to TCA as an agent of an attorney (which it does not), that rule does not allow attorneys to withhold non-privileged information when it is required to do so. *See Samaritan Found. v. Goodfarb*, 176 Ariz. 497, 506, 862 P.2d 870, 879 (1993) ("A communication is not privileged simply because a lawyer has a duty to keep it confidential. A lawyer must reveal non-privileged information when required to do so.").

[9]   *See* Top Class Actions, *3M Earplug Lawsuit Investigation into Military*

1  advertisement relating to the 3M MDL contains a link to TCA's "Legal Notice," which
2  states that "[c]ontent and/or information provided by User to TCA through this Website is
3  considered non-confidential and non-proprietary" and that TCA "cannot guarantee that the
4  information you submit to us will not end up in the hands of the company or person that
5  you are complaining about."[10] Accordingly, TCA may not use client confidentiality as a
6  basis to refuse to provide responsive information submitted by potential claimants through
7  its publicly-available website.

Even if proprietary or confidential information is contained within the redacted or withheld communications (which it is not), TCA can sign the protective order entered by Judge Rodgers to address such concerns. (*See* Ex. 1, Subpoena, Pretrial Order No. 9 Stipulated Order Governing Confidentiality and Privilege at 19) ("Any Third Party from whom discovery is sought by the Parties may avail itself upon the protections and limitations of disclosure provided for in this Order by signing this order prior to production.").

### B.   The Subpoena Seeks Non-Privileged Documents.

TCA asserts attorney client privilege over the following categories of documents: (1) all documents relating to any Claimant, including any information collected from any Claimant (withheld under attorney-client privilege); and (2) all communications between TCA and any plaintiffs' law firm or other lawyers related to the Claimants and and any of their Claims (withheld under attorney-client privilege). These assertions are groundless.

"The attorney-client privilege shields only those communications by a client to an attorney that were intended to be confidential. Thus as a general matter, the attorney-client privilege will not shield from disclosure statements made by a client to his or her attorney in the presence of a third party who is not an agent of either the client or attorney."

---

*Hearing Loss, Tinnitus*, available at: https://topclassactions.com/lawsuit-settlements/military/870889-3m-ear-plugs-class-action-lawsuit-investigation-into-military-hearing-loss-tinnitus/ (last accessed May 31, 2020).

[10] *See Top Class Actions Legal Notice*, available at: https://topclassactions.com/top-class-actions-legal-notice/ (last accessed May 31, 2020).

*Wichansky v. Zowine*, 2015 WL 5693521, at *1 (D. Ariz. Sept. 29, 2015). As a threshold matter, Claimants did not submit any information to an attorney or even TCA, with the "inten[t]" that those communication would "be confidential." *Id.*[11] As discussed above, TCA's website contains multiple warnings to potential claimants that the information submitted is not confidential. Accordingly, attorney-client privilege cannot apply to information submitted by potential claimants.

In any event, TCA is not an attorney. In multiple places on its website, TCA expressly disclaims any such notion, stating that TCA "is not a law firm," "[t]he information contained [t]herein is not legal advice," and "[a]ny information you submit to [TCA] does not create an attorney-client relationship and might not be protected by attorney-client privilege."[12] Instead, TCA argues that it "is a lawyer's agent, and therefore by communicating to [TCA], the claimant has not waived its privilege." Ex. 4 at 2.

But TCA is not an agent either—it was not engaged by any law firm to assist in providing **legal advice**. *See, e.g.*, *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) ("The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice."). TCA was engaged by law firms to provide leads for potential claimants.[13] TCA does not assist law firms in providing

---

[11] *See also Melendres v. Arpaio*, 2015 WL 13649412, at *3 (D. Ariz. Apr. 2, 2015) ("The requirement of confidentiality for attorney-client privilege to attach to a communication refers to the client's reasonable expectation that what is communicated will remain solely within the knowledge of the client, the attorney, and the necessary agents of each."); *United States v. Ruehle*, 583 F.3d 600, 609 (9th Cir. 2009) (finding a client's communication to his attorney was not "made in confidence" where it was made for the purpose of transmission to outside auditor).

[12] *See* Top Class Actions, *3M Earplug Lawsuit Investigation Into Military Hearing Loss, Tinnitus*, available at: https://topclassactions.com/lawsuit-settlements/military/870889-3m-ear-plugs-class-action-lawsuit-investigation-into-military-hearing-loss-tinnitus/.

[13] *See* Ex. 11 (TCA-3M000019; Jan. 27, 2020 email from TCA to Gori Law stating, "Mike will follow up in about a week to make sure you are receiving quality leads."); Ex. 12 (TCA 3M REDACTED 000028; Jul. 22, 2019 email from TCA to Peirce Law stating that the advertising "has generated 169 leads since 6/25 and we are wondering if you are going to renew."); Ex. 13 (TCA 3M REDACTED 000039; June 19, 2019 email from TCA to Peirce Law stating, "[l]ead volume has picked up with 20% increase in June over May as it stand today.").

1 legal advice, and cannot assert attorney-client privilege as an agent of the firms that it is
2 engaged by.

3 By voluntarily disclosing information to third-party TCA, potential claimants
4 waived any privilege they may otherwise assert. *See, e.g.*, *In re Pac. Pictures Corp.*, 679
5 F.3d 1121, 1126–27 (9th Cir. 2012) ("In particular, we recognize several ways by which
6 parties may waive the privilege. Most pertinent here is that voluntarily disclosing
7 privileged documents to third parties will generally destroy the privilege. The reason
8 behind this rule is that, '[i]f clients themselves divulge such information to third parties,
9 chances are that they would also have divulged it to their attorneys, even without the
10 protection of the privilege.'" (internal citations omitted)).

11 Indeed, questionnaires like those at issue here, even if distributed by a law firm as
12 opposed to an advertiser such as TCA, are non-privileged by nature, and in any event,
13 factual information provided to a third-party non-lawyer is not protected by the attorney-
14 client privilege. *See, e.g.*, *Melendres*, 2015 WL 13649412, at *3 ("[T]he circulation of
15 information to persons who are not essential to the transmittal of the legal counsel vitiates
16 the privilege."); *Morisky v. Pub. Serv. Elec. and Gas Co.*, 191 F.R.D. 419, 423-24 (D. N.J.
17 2000). TCA helps the law firms advertise to potential claimants, acting as a collector of
18 cases, rather than helping provide legal advice or adequate representation.

19 The District Court for Arizona has previously rejected TCA's argument that its
20 documents and communications concerning potential litigation claimants is subject to the
21 attorney-client priveige. (*See* Ex. 14, *In re General Motors LLC* Aug. 16, 2017 Order.) In
22 *General Motors*, TCA was served with a similar subpoena, and asserted similar privilege
23 arguments. This court rejected TCA's argument, finding "unpersuasive TCA's concerns
24 about providing third-party information that was submitted on its publically available
25 website given that the information is neither confidential nor privileged." *Id.* Given that
26 TCA is not a law firm and explicitly warns users that it does not provide legal advice and
27 that any information they submit is non-confidential and non-proprietary, any information
28

plaintiffs provided to TCA—particularly factual information provided in an online questionnaire—is not privileged.

### C. The Subpoena Does Not Seek Documents Protected as Attorney Work Product.

The work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A). "The purpose of the doctrine is to establish a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation." *Bloomingburg Jewish Educ. Ctr. v. Vill. of Bloomingburg, N.Y.*, 171 F. Supp. 3d 136, 141–42 (S.D.N.Y. 2016) (internal citations omitted).

TCA refuses to produce certain documents responsive to Requests Nos. 1 and 6, as well as documents responsive to Request No. 2, on the basis of attorney work product. (*See* Ex. 10, June 9, 2020 privilege log.)[14] But TCA's singular role was to generate leads,[15] it was not engaged to develop strategy or provide consultation regarding preparation of any claims for trial. In addition, TCA was not hired by any law firm to provide services in anticipation of litigation or trial with respect to ***any particular claimant***. Allowing a blanket assertion of work product protection for general communications regarding strategy or whether a potential claimant may even join the MDL is far too broad.[16] TCA should not be permitted to assert attorney work product protections because it was not hired

---

[14] As explained in 3M's May 20, 2020 letter, to the extent that TCA may assert ***any*** valid privilege or work product claim, TCA's conclusory descriptions are insufficient to allow 3M to adequately assess the claims. *See, e.g.*, *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D. Nev. 1994) (holding that "general conclusory allegations" were insufficient). To the extent that this Court finds that TCA may withhold any documents on the basis of work product (which 3M respectfully submits it should not), 3M requests that this Court require an *in camera* review of the documents to determine if a basis for the asserted privilege exists.

[15] *See supra*, n. 13.

[16] *See S. Union Co. v. Sw. Gas Corp.*, 205 F.R.D. 542, 549 (D. Ariz. 2002) ("[Work product] must be specifically raised and demonstrated rather than asserted in a blanket fashion.").

9

to provide assistance in anticipation of litigation or trial, but only to produce potential clients to the law firm.[17]

### D. The Subpoena Seeks Relevant Documents.

Finally, TCA objects to Request Nos. 7[18] and 8[19] as intrusive and "unlikely to lead to the discovery of admissible evidence." Rule 26 allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).[20] "Relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Paul Johnson Drywall, Inc. v. Phoenix Ins. Co.,* 2014 WL 1764126, at *1 (D. Ariz. May 5, 2014) (citing Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). Here, the documents and communications sought by the Subpoena are plainly relevant to MDL 2885. The ownership or financial interest that a Plaintiff's law firm may have in TCA bear on the potential bias of Plaintiffs' counsel and the cases selected for inclusion in MDL 2885. Accordingly, TCA's relevance objections should be overruled.

---

[17] Like the attorney-client privilege, any potential work product immunity was waived by voluntary disclosure to third-party TCA. *See, e.g.*, *Melendres*, 2015 WL 13649412, at *6.

[18] Request No. 7 requests, "[a]ll documents regarding any financial interest that any other Person, including any Plaintiffs' Law Firm, has in you."

[19] Request No. 8 requests, "[a]ll documents relating to your ownership by any other Person, including any Plaintiffs' Law Firm.

[20] "The scope of discovery under a Rule 45 subpoena to non-parties is the same as that permitted under Rule 26." *Berwick v. Hartford Fire Ins. Co.,* 2012 WL 2856117, at *1 (D. Ariz. July 11, 2012) (citing *Lewin v. Nackard Bottling Co.,* 2010 WL 4607402, at *1, n.1 (D. Ariz. Nov. 4, 2010)); *see* Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment.

# CONCLUSION

For all the foregoing reasons, 3M respectfully requests that the Court grant its Motion to Compel production of documents requested in the TCA Subpoena.

Date:  June 19, 2020

Respectfully submitted,

KIRKLAND & ELLIS LLP


By: */s/ Maria Pellegrino Rivera*
Maria Pellegrino Rivera
(State Bar No. 018124)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862 2200
Email:mrivera@kirkland.com

*Attorneys for 3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo LLC, Aearo Holding LLC, and Aearo Intermediate, LLC*

**CERTIFICATE OF COUNSEL**

I, Tabitha De Paulo, as counsel for 3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate, LLC and Aearo, LLC ("3M") hereby certify that I personally conferred with counsel for Top Class Actions ("TCA") regarding TCA's objections to the Subpoena and have made a sincere attempt to satisfactorily resolve the matter without resorting to this Court's intervention, per District of Arizona L. R. Civ. P. 7.2(j).

TCA was served with the Subpoena on February 2, 2020. The Subpoena required TCA to produce documents relating to the 3M Combat Arms Earplug Multidistrict Litigation ("MDL") pending in the the Northern District of Florida by February 21, 2020. (Ex. 1, TCA Subpoena.) On February 21, 2020, counsel for TCA served objections to the Subpoena. (*See* Ex. 3, TCA's Feb. 21, 2020 Objections to Defendants' Subpoena.) Following the parties' telephonic meet-and-confer on March 16, 2020, TCA agreed to produce documents responsive to certain requests in the Subpoena. On April 9, 2020, counsel for TCA sent a letter to counsel for 3M objecting to all eight Requests, but producing select documents related to Request Nos. 3, 4, 5, and 6. (*See* Ex. 4, April 9, 2020 Letter from Amy Wilkins.) On May 7, counsel for TCA produced additional documents responsive to the Subpoena, in addition to a privilege log identifying documents redacted or withheld on the basis of privilege. (Ex. 5, May 7, 2020 TCA Privilege Log.)

On May 20, counsel for 3M sent counsel for TCA a letter identifying deficiencies in TCA's responses and requested that TCA supplement its response. (Ex. 8, May 20, 2020 Letter from Tabitha De Paulo.) On June 9, counsel for TCA reiterated its objections and provided an updated privilege log. (Ex. 9, June 9, 2020 Letter from Amy Wilkins; Ex. 10, June 9, 2020 TCA Privilege Log.) TCA confirmed that it does not intend to produce additional documents "absent a court order." (Ex. 9 at 1.) Accordingly, 3M has been forced to seek the intervention of this Court.

| | |
|---|---|
| Date:  June 19, 2020 | Respectfully submitted, |
| | |
| | KIRKLAND & ELLIS LLP |
| | |
| | By: */s/ Tabitha J. De Paulo* |
| | Tabitha J. De Paulo (*Pro Hac Vice Application Forthcoming*) |
| | KIRKLAND & ELLIS LLP |
| | 609 Main Street |
| | Houston, TX 77002 |
| | Tel.: (713) 836-3600 |
| | Email: tabitha.depaulo@kirkland.com |

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Kirkland & Ellis LLP, 2049 Century Park East, Suite 3700, Los Angeles, California 90067.

On June 19, 2020, I served a copy of the following document(s) described as:

**3M'S MOTION TO COMPEL DISCOVERY FROM TOP CLASS ACTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES; and, CERTIFICATE OF COUNSEL**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as set forth below:

☒ **[BY E-MAIL]**  By transmitting via electronic mail to the e-mail address(es) set forth below on this date.  I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

☒ **[BY OVERNIGHT DELIVERY]:** By placing the documents listed above in a sealed envelope and delivering to an authorized FedEx overnight service center with postage thereon fully prepaid, in the United States at Los Angeles, California, addressed as set forth below:

> Amy M. Wilkins (AZ SBN 022762)
> The Wilkins Law Firm, PLLC
> 3300 N. Central Ave., Ste. 2600
> Phoenix, AZ 85018
> 602-795-0789
> awilkins@wilkinslaw.net
>
> *Counsel for Top Class Action*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 19, 2020 in Los Angeles, California.

Manu Salas