# **EXHIBIT 8**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Tabitha J. De Paulo
To Call Writer Directly:
+1 713 836 3361
tabitha.depaulo@kirkland.com

609 Main Street
Houston, TX 77002
United States

+1 713 836 3600

www.kirkland.com

Facsimile:
+1 713 836 3601

May 20, 2020

**By E-mail**

Amy M. Wilkins
The Wilkins Law Firm, PLLC
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012
awilkins@wilkinslaw.net

Re    *3M Combat Arms Earplug Products Liability Litigation*, Civil Action No. 3:19-md-02885-MCR-GRJ

Dear Ms. Wilkins:

      I write on behalf of 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC and Aearo, LLC ("Defendants") in response to your April 9, 2020 and May 7, 2020 letters and productions on behalf of Top Class Actions ("TCA") in response to Defendants' Subpoena to Produce Documents, dated February 7, 2020 (the "Subpoena"). TCA's grounds for withholding or redacting documents based on attorney work product and client confidentiality are without merit. To the extent TCA continues to assert privilege over these documents, TCA must supplement the descriptions in its privilege log, as the descriptions are currently inadequate.[1]

      **A.    Attorney Work Product.**

      The attorney work product doctrine does not provide a legally-cognizable basis for TCA to withhold documents regarding potential claimants. The work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial." Fed. R.

---

[1]  A party withholding information by claiming a privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 45(e)(2). TCA's vague descriptions—"Email regarding attorney work product re lawsuit," "Email regarding attorney work product," "Email thread regarding strategy," "Email thread regarding client information"—are insufficient for Defendants to assess TCA's privilege claims. *See, e.g.*, *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D. Nev. 1994) (holding that "general conclusory allegations" were insufficient).

KIRKLAND & ELLIS LLP

Amy M. Wilkins
May 20, 2020
Page 2

Civ. P. 26(b)(3)(A). The purpose of the doctrine is to "prevent exploitation of a party's efforts in preparing for litigation." *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989). These communications do not contain any strategic litigation planning, nor could they give rise to any potential for Defendants to exploit TCA's efforts. TCA's singular role was to generate leads, so any discussion of strategy or litigation planning would be well beyond the scope of its engagement with plaintiffs' law firms. TCA's limited role is recognized in its own documents. For example, TCA specifically warns potential claimants that "Top Class Actions is not a law firm, lawyer referral service, or prepaid legal services plan . . . Instead, your information will be forwarded to an attorney or claims processing firm for the purpose of a confidential review and potential representation." TCA-3M000058. As such, TCA's attorney work product objections are groundless.

### B. Client Confidentiality.

TCA's objection to production of documents, particularly those related to potential third-party claimants, based on client confidentiality is also without merit. TCA notifies potential claimants that they should not "submit confidential, time-sensitive, or privileged information." TCA-3M000058. Indeed, before a potential claimant submits any information, they agree to a warning that "it is possible that Top Class Actions . . . may be ordered by a court of law to product such information in certain legal situations." TCA-3M000057. Even if proprietary or confidential information is contained within the redacted communications (which it is not), TCA can sign the protective order entered in this case to address such concerns. (*See* Subpoena, Pretrial Order No. 9 Stipulated Order Governing Confidentiality and Privilege at 19) ("Any Third Party from whom discovery is sought by the Parties may avail itself upon the protections and limitations of disclosure provided for in this Order by signing this order prior to production.")

Specifically, the Subpoena requests "All documents relating to any Claimant" and "All documents relating to any analysis done by you or sent to you by any Person . . . regarding any Claimant(s) or any of their Claims." (*See* Subpoena at 7.) In your April 9 letter, you incorrectly state that information provided by potential claimants through TCA's website is subject to the attorney work product or a duty of confidentiality. As explained above, we disagree with TCA's refusal to provide information responsive to the Subpoena on these bases. As seen throughout the TCA production, TCA generates spreadsheets with potential leads related to the Combat Arms Earplugs MDL. *See, e.g.*, TCA 3M REDACTED 000001; TCA-3M000015. These spreadsheets are directly responsive to Defendants' Subpoena, and we request that TCA immediately produce these documents.

Accordingly, we ask that you reconsider your objections and produce all documents responsive to the Subpoena.

KIRKLAND & ELLIS LLP

Amy M. Wilkins
May 20, 2020
Page 3

      Defendants reserve all rights to seek enforcement from an appropriate court. Please feel free to contact me if you would like to discuss further.

      Sincerely,

      */s/ Tabitha J. De Paulo*

      Tabitha J. De Paulo