# **EXHIBIT 9**



**THE WILKINS LAW FIRM**
3300 N. Central Ave., Ste. 2600
Phoenix, AZ 85012
Tel: 602-795-0789
Fax: 602-910-5567

VIA EMAIL
Tabitha De Paulo
Kirkland & Ellis
609 Main Street
Houston, TX 77002
tabitha.depaulo@kirkland.com

June 9, 2020

      Re:    Top Class Actions' response to subpoena in In Re 3M Combat Arms Earplug Products Liability Litigation

Dear Tabitha:

In response to your letter dated May 20, 2020, my client continues to assert that the documents requested in in Requests 1, 2, and 6 contain confidential information, attorney-client privilege, or attorney work product and are therefore not subject to disclosure absent a court order.

    **A. Confidential Information**

Requests 1 and 6 include requests for documents that are considered confidential pursuant to Arizona's ER 1.6(a).  This rule is similar to Florida's ethical rule 4-1.6, which requires lawyers to maintain confidentiality.  This rule applies to communications that clients provide to Top Class Actions, since the purpose of these communications is to seek legal assistance.

The trend across the country indicates a consensus that communications between clients and lawyer referral services are confidential communications that are deemed privileged attorney-client communications.  The American Bar Association created Rule

June 9, 2020
Page 2

XIV of the Model Supreme Court Rules Governing Lawyer Referral and Information Services which states: "A disclosure of information to a lawyer referral service for the purpose of seeking legal assistance shall be deemed a privileged lawyer-client communication." The purpose of this rule is illustrated in the commentary, which provides that "since a client discloses information to a lawyer referral service for the sole purpose of seeking the assistance of a lawyer, the client's communication for that purpose should be protected by lawyer-client privilege." Rule XIV cmt.

While we cited to Arizona's ethical rules in our previous letter, Florida's ethical rules do not lead to a different outcome. Under Florida's ER 4-1.6(a), "A lawyer must not reveal information relating to representation of a client…unless the client gives informed consent." In this case, we do not have informed consent. Further, this duty is broad and extends to the client's name and content of communications. It also extends to "[m]atters communicated in confidence by the client [*and*] all information relating to the representation, whatever its source." ER 4-1.6 cmt. Further, this duty is not limited to current clients, but also applies during a consult and after representation has ended. *See* ER 4-1.18; ER 4-1.9(c).

Florida's ethical rules state a similar purpose for the duty of confidentiality as is stated by the Model Rules—to encourage disclosure of information by a client seeking the assistance of a lawyer. *See* ER 4-1.6 cmt. ("The client is thereby encouraged to seek legal assistance….").

Consistent with the Model Rule, several states have enacted rules that prohibit the disclosure of information provided to lawyer referral services if the purpose of the communication is to seek legal assistance. *See* California Evidence Code § 996(a); O.R.S. 40.225; N.Y. Judiciary Law App. at 498; Utah Evid. R. 504. In every state where these rules have been enacted, the purpose for such rules is the same—to encourage the public to seek legal assistance.

Even if the communication is not to or from a lawyer referral service, the information is still protected under the duty of confidentiality when the information is provided to an agent of the attorney. In this case, Top Class Actions is an agent of the attorneys and therefore cannot disclose confidential client information or communications. *See, e.g.*, Restatement (Third) of the Law Governing Lawyers § 60 (2000) ("Agents of a lawyer assisting in representing a client serve as subagents and as such independently owe a duty of confidentiality to the client.").

Here, the communications and information you are requesting falls squarely within the realm of confidential information that is protected by the ethical rules as well

2

June 9, 2020
Page 3

as public policy considerations that protect and encourage individuals to seek out legal assistance  As such, the information that is deemed confidential has been redacted and appropriately marked as such in the privilege log that was provided to you.

### B. Attorney-Client Privilege

Not only are the requested documents considered confidential communications under the ethical rules, but they are also protected as attorney-client privilege pursuant to Fed. R. Evid. 502(g).

Top Class Actions is not a lawyer, but is a lawyer's agent, and therefore by communicating to Top Class Actions, the claimant has not waived its privilege. The agency exception to waiver applies to disclosures of information to agents of the attorney when the communication is necessary for the provision of legal advice. *See In re Int'l Oil Trading Co.*, 548 B.R. 825, 834-835 (S.D. Fla. 2016).

Since Top Class Actions is a lawyer's agent, and since the claimants have not waived any privileges, the confidential information and communications necessary for the provision of legal advice constitute attorney-client privilege and will not be disclosed absent a court order.

### C. Attorney Work Product

As to Request No. 2, Top Class Actions continues to assert that this request seeks information that is protected as attorney work product.  In *Stern v. O'Quinn*, 253 F.R.D. 663 (S.D. Fla. 2008), the court held that "[t]he fact that materials might be generated by an agent of the attorney, and not the attorney himself, does not divest of that status that would otherwise be considered protected by the work-product doctrine…" *Id.* at 674. Further, as previously cited, *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3rd 711 (N.D. Ill. 2014), held that disclosure of work product to third parties does not automatically waive work product protection. *Id.* at 736. The court reasoned that waiver occurs when protected communications are disclosed in a manner that substantially increases the opportunity for adversaries to gain the information.

Here, since Top Class Actions is an agent of the law firm, communications and information prepared in anticipation of litigation or information that contains the attorneys' mental impressions or opinions about the case, is kept confidential and is not subject to disclosure pursuant to Fed. R. Civ. Pro. 26(b)(3)(A).

June 9, 2020
Page 4

### D. Objection to Privilege Log

As part of our previous disclosure, a privilege log was provided to you. In response to your objections, a more detailed privilege log is being provided along with this letter.

In your letter, you cite to *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D. Nev. 1994), to support your position that Top Class Actions' privilege log is inadequate. In *Diamond State*, the court indicated that a privilege log should contain the following information: (1) the attorney and client involved, (2) the nature of the document, (3) all persons or entities shown on the document to have received or sent the document, (4) all persons or entities known to have been furnished the documents or informed of its substance, and (5) the date the document was generated, prepared or dated. Here, all of the information required in *Diamond State* has now been included in the privilege log with the exception of the claimants' identifying information. As stated above, Top Class Actions maintains that the identifying information of each claimant is confidential and cannot be disclosed absent a court order.

If you have any further specific objections to the privilege log, please identify each objection with specificity.

Sincerely,

*/s/ Amy M. Wilkins*

Amy M. Wilkins