| | |
|---|---|
| **From:** | Pixton, R. Allan |
| **To:** | Robert Weeks |
| **Cc:** | Bloomer, Andrew B.; David, Geoffrey |
| **Subject:** | RE: Top Class Actions Objection to Subpoena |
| **Date:** | Monday, July 10, 2017 9:42:00 PM |

Robert,

It has now been more than six weeks since you promised to provide a cost estimate so that New GM could evaluate your client's cost sharing request, and nearly two months since the documents responsive to the subpoena should have been produced. In any event, our research indicates that any cost associated with complying with New GM's subpoena should be de minimis. A review of TCA's website using Google Chrome's developer tool confirms that the website's coding is a mix of HTML and JavaScript, and it appears that any data compiled from end users via a form on the webpage would be stored in an SQL database or another structured data format. TCA's system or database administrator should be able to compile and export the stored data into a useable format such as an Excel Spreadsheet or XML file with minimal cost or burden.

Your email below references privacy objections you did not raise in your response to the subpoena, and which are contradicted by the plain language on TCA's website, which makes clear to any user who submits information to TCA that such information is not private or confidential. And in any event, the protective orders we sent you should alleviate any concerns about protecting the privacy of third parties.

On May 24, 2017, TCA withdrew its objections during our meet and confer. And the MDL 2543 Court has already denied Lead Counsel's motion to quash the subpoena. There is simply no basis for TCA to withhold responsive documents, and your continued refusal to produce any documents is evidence of bad faith.

If you believe any of this information is incorrect, please contact me immediately and provide authority for your position. Otherwise, we will file a motion to compel this week.

Allan

**R. Allan Pixton**
------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2453  **M** +1 312 401 7568
------------------------------------------------------------
allan.pixton@kirkland.com

**From:** Robert Weeks [mailto:rweeks@weekslawoffice.com]
**Sent:** Tuesday, June 20, 2017 11:48 AM
**To:** Pixton, R. Allan <allan.pixton@kirkland.com>
**Cc:** Bloomer, Andrew B. <abloomer@kirkland.com>; David, Geoffrey <gdavid@kirkland.com>
**Subject:** Re: Top Class Actions Objection to Subpoena

Allan:
As I indicated previously, we have concerns about voluntarily providing information from third parties without first getting their consent, or giving them the option to fight the disclosure. TCA is in the process of contacting them to get their consent and waiting to hear back. Our legal basis for doing so is that we have objected to the subpoena based on relevance, over breadth, and undue burden, among other things.

Accordingly, we are continuing to work on what we can provide you in the absence of a court order. Is there a particular time deadline GM is facing that requires such urgency on your part? If so, please let me know and we will do our best to work with you on that.

Thanks,

Robert

> On Jun 16, 2017, at 12:12 PM, Pixton, R. Allan <allan.pixton@kirkland.com> wrote:
>
> Robert,
>
> To answer your questions (a courtesy that you have not returned despite numerous requests in the email string below), New GM gave notice of the subpoena to Lead Counsel for plaintiffs in the MDL as required by Rule 45. I am unaware of any legal basis for TCA to delay the production of documents responsive to the subpoena based on the interests of third parties, and indeed you have pointed to none. And putting aside the fact that this is the first time you have raised this alleged concern, the protective order entered in MDL 2543 (a copy of which I provided to you previously) is sufficient to protect the privacy interests of any third parties. And in any event, the language on TCA's website makes clear to any third party who submits information to TCA that such information is not private or confidential.
>
> More than three weeks ago you committed to provide a cost and timing estimate for the production of documents responsive to New GM's subpoena. You have provided no reason why it would possibly take more than three weeks and counting to provide this information. In light of TCA's refusal to even provide basic answers that you promised more than three weeks ago, it appears that TCA is not acting in good faith and New GM has no choice but to file a motion to compel. It is regrettable that your client has rebuffed New GM's repeated efforts to resolve this matter without the need for motion practice.
>
> Allan
>
> **R. Allan Pixton**
> -------------------------------------------------
> **KIRKLAND & ELLIS LLP**
> 300 North LaSalle, Chicago, IL 60654
> **T** +1 312 862 2453  **M** +1 312 401 7568
> -------------------------------------------------
>
> allan.pixton@kirkland.com
>
> ---
>
> **From:** Robert Weeks [mailto:rweeks@weekslawoffice.com]
> **Sent:** Friday, June 16, 2017 1:02 PM
> **To:** Pixton, R. Allan <allan.pixton@kirkland.com>
> **Cc:** Bloomer, Andrew B. <abloomer@kirkland.com>; David, Geoffrey <gdavid@kirkland.com>
> **Subject:** Re: Top Class Actions Objection to Subpoena
>
> Allan:
> As I have indicated previously, I do not believe that non-parties have an obligation to meet and confer in responding to a subpoena. "[T]he meet-