Maria Pellegrino Rivera (State Bar No. 018124)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862 2200
Email:mrivera@kirkland.com

Tabitha J. De Paulo (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Tel.: (713) 836-3600
Email: tabitha.depaulo@kirkland.com

*Attorneys for 3M Company,*
*3M Occupational Safety, LLC,*
*Aearo Technologies LLC,*
*Aearo LLC, Aearo Holding LLC,*
*and Aearo Intermediate, LLC*

Amy M. Wilkins (SBN 022762)
Laura C. Brosh (SBN 031486)
THE WILKINS LAW FIRM, PLLC
3300 N. Central Ave., Ste. 2600
Phoenix, AZ 85012
Tel: 602-795-0789
awilkins@wilkinslaw.net
lbrosh@wilkinslaw.net

*Attorneys for Top Class Action*

**IN THE UNITED STATE DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 3M Company et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>Top Class Actions, LLC,<br><br>    Defendant. | Case No. 2:20-MC-00031-MTL<br><br>**JOINT PRE-HEARING BRIEF**<br><br>(Hon. Michael T. Liburdi) |
| In Rn: 3M Combat Arms Earplug Liability Litigation<br><br>CASE NO. 3:19-md-02885-MCR-GRJ<br><br>Northern District of Florida Pensacola Division | |

In accordance with this Court's request at the August 5, 2020 pre-hearing status conference, 3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate, LLC and Aearo, LLC ("3M") and Top Class Actions LLC ("TCA") jointly submit this pre-hearing brief containing stipulations of fact and law, and identifying the remaining legal disputes.

I. **Stipulations of Fact.**

1. The parties agree that the August 13, 2020 hearing should include oral argument only, and not be an evidentiary hearing. The parties will not call witnesses or introduce exhibits outside those attached to their briefs. The parties stipulate to use of the exhibits attached to their briefing, including the declaration of Steve Williams.

A. **The MDL**

2. This dispute arises out of multidistrict litigation pending before the Honorable M. Casey Rodgers in the United States District Court for the Northern District of Florida, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885 ("MDL 2885").

3. MDL 2885 relates to claims for personal injuries, including hearing loss and tinnitus, allegedly sustained from use of the dual-ended Combat Arms Earplug Version 2 ("CAEv2").

4. Plaintiffs in the MDL include mostly service members who used the CAEv2 while in the military. Among other contentions, plaintiffs allege that the CAEv2 is defective in its design and that 3M failed to warn plaintiffs of the risks and dangers of the product. 3M disputes these allegations.

B. **Top Class Actions**

5. TCA operates a publicly-available website that contains content about class action settlements, investigations, and lawsuits.

6. TCA is not a law firm. TCA's clients include law firms that pay TCA to run advertisements in the form of articles about litigation on TCA's website. Some of the web

pages that contain the attorney advertising allow website users to fill out forms regarding potential claims.

7. TCA was hired by law firms to publish advertisements related to the Combat Arms Earplugs on its website. These web pages allowed potential claimants to submit a form, which stated at its top: "Get Help—It's Free. Join a Free 3m Ear Plugs Class Action Lawsuit Investigation" or "Join a Free Military Earplug Lawsuit Investigation." The form also notes that "[i]f you qualify, an attorney will contact you to discuss the details of your potential case at no charge to you."

8. The form then contains questions regarding (a) contact information, (b) whether they would be willing to speak with an attorney and preferred form of contact, (c) whether they served in the military in a certain time period, (d) whether they were issued and wore ear plugs during this time period, (e) whether they suffer from hearing loss, tinnitus, or other hearing issues, and (f) any additional details.

9. The form concludes with a checkbox that states "I understand and agree" that, among other things, "[a]ny information you submit to Top Class Actions may be shared with attorneys or law firms to facilitate formation of an attorney-client relationship."

**C.    Background of this Dispute**

10. On February 7, 2020, 3M served TCA with the subpoena. (Dkt. 1, Ex. 1.)

11. On February 21, 2020, counsel for TCA served objections to the Subpoena. (Dkt. 1, Ex. 3.)

12. On March 16, 2020, the parties met and conferred on the topics and scope of the Subpoena.

13. On April 9, 2020, counsel for TCA sent a letter to counsel for 3M objecting to all eight Requests, and producing documents responsive to Request Nos. 3, 4, 5, and 6. (Dkt. 1, Ex. 4.)

14. On May 7, counsel for TCA produced additional documents responsive to the Subpoena, in addition to a privilege log identifying documents redacted or withheld on

the basis of privilege. (Dkt. 1, Ex. 5.)

15. On May 20, counsel for 3M sent counsel for TCA a letter identifying alleged deficiencies in TCA's responses (Dkt. 1, Ex. 8.), and on June 9, counsel for TCA reiterated its objections and provided an updated privilege log. (Dkt. 1, Exs. 9-10.)

16. On June 19, 2020, 3M filed its Motion to Compel Discovery from Top Class Actions and Memorandum of Points and Authorities. (Dkt. 1.)

17. On July 9, 2020, TCA filed its Response to 3M's Motion to Compel Discovery from Top Class Actions, LLC. (Dkt. 10.)

18. On July 16, 2020, 3M filed its Reply in Support of its Motion to Compel. (Dkt. 12.)

19. The Motion to Compel has been fully briefed, and is ripe for the Court's decision.

**II.   Stipulations of Law.**

20. 3M and TCA stipulate and agree that federal common law of privilege should apply to the issues in this proceeding.

21. <u>Attorney-Client Privilege</u>: "The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *U.S. v. Richey*, 632 F.3d 559 (9th Cir. 2011).

22. <u>Work Product</u>. Under Federal Rule of Civil Procedure 26(b)(3), work product consists of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).

23. Work product materials are not discoverable unless "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id*.

24. "A party seeking opinion work product must make a showing beyond the

substantial need/undue hardship test required under Rule 26(b)(3) for non-opinion work product." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). "[O]pinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling." *Id.* (emphasis omitted).

25. <u>Relevance</u>: Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

26. <u>Confidentiality</u>. A lawyer has a duty of confidentiality to his client. *See, e.g.*, ABA Model Rule 1.6(a). ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent.").

**III. Disputed Legal Issues.**

27. This dispute centers around whether information submitted by potential claimants in the MDL through TCA's website is protected from disclosure based on attorney-client privilege and client confidentiality.

28. TCA asserts that information submitted through the forms on its website is subject to the attorney-client privilege. TCA asserts that it is an agent of its client law firms, and therefore, TCA has an obligation to keep the information submitted on the forms confidential. 3M disputes these arguments.

29. The parties further dispute whether certain communications between TCA and its law firm clients are protected from disclosure under the work product doctrine. TCA asserts that communications with the law firms that reflect the mental impressions or opinions of the attorney, as reflected on their comments on the articles, are protected work

product. 3M disputes this argument.

30. The parties further dispute whether Request Nos. 7 and 8 in the Subpoena are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). These Requests seek information about the financial interest in and ownership of TCA, including by its plaintiff law firm clients.

31. The stipulations contained herein shall apply only for purposes of this proceeding, and shall not be binding on the parties in any other dispute or proceeding before this or any other court.

Date: August 11, 2020                                       Respectfully submitted,

By: /s/ Tabitha J. De Paulo *(with permission)*
Tabitha J. De Paulo (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Tel.: (713) 836-3600
Email: tabitha.depaulo@kirkland.com

*Attorneys for 3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo LLC, Aearo Holding LLC, and Aearo Intermediate, LLC*

By: */s/* Amy M. Wilkins

Amy M. Wilkins (SBN 022762)
Laura C. Brosh (SBN 031486)
THE WILKINS LAW FIRM, PLLC
3300 N. Central Ave., Ste. 2600
Phoenix, AZ 85012
Tel: 602-795-0789
awilkins@wilkinslaw.net
lbrosh@wilkinslaw.net

*Attorneys for Top Class Action*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2020, I electronically transmitted the foregoing document to the Clerk of the U.S. District Court using the CM/ECF system for filing and service to all parties/counsel registered to receive copies in this case.

By /s/ Cheryl Hays
    Cheryl Hays