Amy M. Wilkins (SBN 022762)
Laura C. Brosh (SBN 031486)
THE WILKINS LAW FIRM, PLLC
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012
Tel:  602-795-0789
awilkins@wilkinslaw.net
lbrosh@wilkinslaw.net

Attorneys for Top Class Actions, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: 3M Combat Arms Earplug Liability Litigation | Case No. 2:20-MC-00031-MTL |
| Case No. 3:19-md-02885-MCR-GRJ | **SUPPLEMENTAL BRIEF ON STANDING** |
| Northern District of Florida Pensacola Division | **(Hon. Michael T. Liburdi)** |

Pursuant to the Court's August 19, 2020 Order (Doc. 22), non-party Top Class Actions, LLC ("TCA"), provides this Supplemental Brief on whether TCA has standing to assert privilege claims. In a word, yes. The attorney-client privilege belongs to the client. The client's lawyer has standing to assert and protect that privilege on behalf of the client. A lawyer's agent (like TCA) likewise has standing to assert that privilege on behalf of its principal.

Although TCA believes, and argues below, that it does have standing, lead counsel in the multi-district litigation is today filing a notice to tag this case for the MDL so that the issues may be decided by Judge Rodgers in the Northern District of Florida.[1] Importantly, if the Court finds TCA does not have standing, then there is not a party involved in the case

---

[1] TCA understands that Plaintiffs' counsel is filing its "Notice of Potential Tag-Along Action" today, August 21, 2020.

in this Court who may properly assert it. Plaintiffs' counsel in the MDL do have that standing, and they should be permitted to assert the privilege on behalf of their clients. As this issue involves privilege relating to the plaintiffs in the MDL, and because 3M consented to centralization of all cases in the MDL, Judge Rodgers should decide the issues in the motion to compel.[2] TCA has filed a motion to continue the hearing set for August 24, 2020, to allow time for the case to be transferred.

## Analysis

### I.      An Agent of the Lawyer Has Standing and a Duty to Assert the Privilege

It is well-settled that the attorney-client privilege belongs to the client. Either the client or his lawyer may invoke the privilege personally or—importantly—through an agent:

> (1) When an attempt is made to introduce in evidence or obtain discovery of a communication privileged under § 68:
>
> (a) A client…may invoke or waive the privilege, either personally or through counsel or another **authorized agent**.
>
> (b) A lawyer, **an agent of the lawyer**, or **an agent of a client** from whom a privileged communication is sought **must** invoke the privilege when doing so appears reasonably appropriate…

RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 86 (emphasis added).

The Restatement provides that the lawyer or agent "must" invoke the privilege. *Id*. § 86(1)(b). The comments to this section make plain that the "client's lawyer has both standing and usually a duty to assert the privilege." *Id*. § 86 cmt. c; *see also Fisher v. United*

---

[2] The United States Judicial Panel on Multidistrict Litigation's Transfer Order for In re: 3M Combat Arms Earplug Products Liability Litigation provides, "All responding parties support centralization." It further provides, "Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on *Daubert* issues and other pretrial matters; and conserve the resources of the parties, their counsel, and the judiciary." The Transfer Order is attached as Exhibit A to TCA's Aug. 21, 2020 Motion to Continue.

*States*, 425 U.S. 391, 402 n.8 (1976) (noting that "it is universally accepted that the attorney-client privilege may be raised by the attorney").

Section 86 provides the lawyer or agent "must" invoke the privilege. If the agent has no standing, the agent cannot invoke the privilege. Likewise, the RESTATEMENT (SECOND) OF AGENCY § 395 makes plain that the agent has a duty not to disclose information "acquired by him during the course of or on account of his agency":

> Unless otherwise agreed, an agent is subject to a duty to the principal not to use or to communicate information confidentially given him by the principal or acquired by him during the course of or on account of his agency or in violation of his duties as agent, in competition with or to the injury of the principal, on his own account or on behalf of another, although such information does not relate to the transaction in which he is then employed, unless the information is a matter of general knowledge.

*Id*. If the agent has this duty not to disclose confidential information, the agent also has a duty not to disclose privileged information. If the agent has no standing to assert that information is confidential, then again, this duty is meaningless. And if the agent has no standing to assert the privilege, then the privilege is endangered any time the lawyer uses an agent to assist with litigation.

## II.     Cases Interpreting Whether an Agent Has Standing Look at the Agency Relationship

Courts evaluating whether an agent can properly assert standing look to the agency relationship. In its Order (Doc. 22), the Court cited to *Avago Techs. Gen. IP Pte. Ltd. v. Elan Microelectronics Corp.*, No. C04-05385RMWHRL, 2007 WL 841785 at *2 (N.D. Cal. Mar. 20, 2007), for the proposition that only the client can assert attorney-client privilege. Notably, this case also recognizes that "An attorney ***or other representative*** of a client can claim the attorney-client privilege on the client's behalf…" *Id.* at *2 (emphasis added).

3

In *Avago*, the court held that defendant could not assert privilege on behalf of another company when defendant was not the agent of that company. In that case, defendant (Elan) asserted attorney-client privilege on behalf of Leashin, a company independent from Elan. *Id.* The court held that because "[E]lan is in no sense the representative of Leashin," Elan did not have standing to assert the attorney-client privilege on Leashin's behalf. *Id.*

The matter before this Court is distinguishable. In *Avago*, the individual asserting the attorney-client privilege did not represent the holder of the privilege in any meaningful way. Here, TCA is the agent of the law firms who asked TCA to assist with signing up potential new plaintiffs. TCA and the law firms do have a relationship, and TCA is their agent. TCA is acting as an agent of the law firms, and therefore can (and, in fact, must) assert the attorney-client privilege to the same extent that the law firms themselves could assert the privilege.

In *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961), the Second Circuit permitted an agent of a law firm to assert the attorney-client privilege. Mr. Kovel was a former IRS agent employed by the law firm for his accounting skills. *Id.* at 919. The law firm represented one Mr. Hopps, who was the subject of a grand jury investigation. As part of the investigation, Mr. Kovel was subpoenaed to appear before the grand jury. *Id.* During the grand jury proceedings, Mr. Kovel was asked questions regarding Mr. Hopps' assets and financial situation. *Id.* at 920. Mr. Kovel refused to answer these questions, claiming attorney-client privilege. *Id.* at 919. Due to Mr. Kovel's failure to answer the questions, the court held Mr. Kovel in criminal contempt of court. *Id.* This decision was appealed. *Id.*

In addressing the applicability of attorney-client privilege, the Court of Appeals for the Second Circuit held, "The presence of the accountant is necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit." *Id.* at 922. The Court explained, "What is vital to the privilege is

4

that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." *Id.*  The Court found that not only was Kovel able to assert the privilege, but that the privilege applied to communications from clients to Mr. Kovel if such communications were made for the purpose of obtaining legal advice.  *Id.*

The critical question in *Kovel* was whether the communications at issue were made in confidence for the purpose of obtaining legal advice from the lawyer. As explained in TCA's response to the motion to compel, the communications here were likewise made in confidence to obtain legal advice from law firms.   The entire purpose of a client submitting information via Top Class Actions' website is to seek legal advice.  The law firms representing the plaintiffs in the MDL contracted with Top Class Actions to assist in them in connecting potential plaintiffs with the lawyers.  As the agent of the lawyers, communications received from the plaintiffs and potential plaintiffs fall under the protection of attorney-client privilege, and Top Class Actions has standing to assert this privilege on behalf of the clients.

Last, in *In re Grand Jury Subpoenas*, 265 F. Supp. 2d 321 (S.D.N.Y. 2003), the court allowed a third-party PR firm to assert the privilege on behalf of the law firm's client. The PR firm represented the law firm, and the law firm represented a client who was under investigation. In that case, the government issued a subpoena to a public relations firm to attend a grand jury hearing and to produce certain documents.  The PR firm advised the government attorney that a representative from the PR firm would not agree to testify and that the PR firm was refusing to produce documents because the information was protected by the attorney-client privilege.  The PR firm argued that the information sought by the grand jury was generated in the course of the Firm's engagement by the attorney representing the individual who was being investigated and was therefore privileged.  The government filed a motion to compel.  A representative from the PR firm appeared to testify, but objected to questions that would reveal any attorney-client privilege.  The Court held "the privilege in appropriate circumstances

5

extends to otherwise privileged communications that involve persons assisting the lawyer in the rendition of legal services." *Id.* at 325.  To be able to assert attorney-client privilege, the agent must prove the communication "has a nexus sufficiently close to the provision or receipt of legal advice." *Id.* at 332.  Here, TCA has shown, in its Response to the Motion to Compel, that the communications made through TCA's website by potential plaintiffs have a nexus sufficiently close to requesting legal advice.

### C.  TCA's Principals—the Law Firms Representing Plaintiffs in the MDL— Have Standing and Should Be Permitted to Be Heard on This Issue

TCA does not believe there is any real issue as to whether a lawyer has standing to assert the privilege on behalf of a client or potential client. The issue this Court raised is whether the lawyer's agent can do so. Assuming the Court finds TCA is the lawyer's agent, the answer should be yes.

Should the Court find to the contrary, the Court should permit Plaintiffs' counsel to assert it, whether in this case or in the MDL. If TCA does not have standing to assert it, then there is no one in this action who can assert it. The clients should not lose their privilege simply because this case was brought in a different forum.

As the Court is well aware, this dispute arises as part of several cases consolidated into an MDL in federal court in Florida. The Panel on Multidistrict Litigation has found that discovery disputes should be resolved by one judge, Judge Rodgers. This motion to compel, filed in Arizona, takes the resolution of an important discovery issue away from Judge Rodgers. Judge Rodgers is aware of other discovery issues raised between the parties and may have context for the present dispute. Judge Rodgers should be aware that defense counsel are trying to obtain privileged information about plaintiffs through counsels' agent. Moreover, if this case is heard by Judge Rodgers, counsel for the Plaintiffs will be parties and can assert the privilege. Plaintiffs' counsel is "tagging" this case for inclusion in the MDL so that it may be heard by Judge Rodgers and so that Plaintiffs' counsel have an opportunity to assert the privilege.

**Conclusion**

TCA respectfully requests the Court find it has standing to assert the privilege as the agent of the client's lawyers, or, in the alternative, to refrain from deciding this issue or the motion to compel as the case will be transferred to the MDL.

RESPECTFULLY SUBMITTED this 21st day of August, 2020.

THE WILKINS LAW FIRM, PLLC

By: /s/ Amy M. Wilkins
Amy M. Wilkins
Laura Brosh
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012
Phone:  602-795-0789
awilkins@wilkinslaw.net
lbrosh@wilkinslaw.net

*Attorneys for Top Class Actions*

7

1

2

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2020, I electronically transmitted the foregoing document to the Clerk of the U.S. District Court using the CM/ECF system for filing and service to all parties/counsel registered to receive copies in this case.

By /s/ Cheryl Hays
Cheryl Hays

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28