Maria Pellegrino Rivera (State Bar No. 018124)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862 2200
Email:mrivera@kirkland.com

Tabitha J. De Paulo (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Tel.: (713) 836-3600
Email: tabitha.depaulo@kirkland.com

*Attorneys for 3M Company,*
*3M Occupational Safety, LLC,*
*Aearo Technologies LLC,*
*Aearo LLC, Aearo Holding LLC,*
*and Aearo Intermediate, LLC*

## IN THE UNITED STATE DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 3M Company et al. | Case No. 2:20-MC-000310-MTL |
| Plaintiffs, | |
| vs. | **RESPONSE TO TOP CLASS ACTIONS, LLC'S MOTION TO CONTINUE HEARING** |
| Top Class Actions LLC, | |
| Defendant. | |
| IN RE: 3M Combat Arms Earplugs Liability Litigation | |
| Case No. 3:19-md-02885-MCR-GRJ | |
| Northern District of Florida Pensacola Division | |

        3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo

Holding LLC, Aearo Intermediate, LLC and Aearo, LLC ("3M") submits this opposition

to Top Class Actions' ("TCA") Motion to Continue Hearing ("Motion").  (Dkt. No. 24.)

Today's Motion was the first time that 3M learned of TCA's intent to seek a continuance

of Monday's hearing or its decision to consult with Plaintiffs' leadership counsel in MDL

2885 and transfer this proceeding to the MDL. 3M's motion to compel was scheduled for oral argument on August 13, 2020. On August 12, 2013, 3M agreed to continue the hearing for oral argument on its motion at TCA's request due to counsel's sickness. At no point did TCA's counsel suggest that it would seek to avoid having the dispute heard before this Court. In accordance with this Court's order (Dkt. No. 26), 3M hereby files this objection to TCA's Motion.

The relief sought by the Motion should be denied for at least two reasons. First, this case does not meet the criteria to be included in MDL 2885, and is an improper attempt to further delay this Court's decision on the merits at the final hour. Second, Plaintiffs' leadership counsel had ample opportunity to move to intervene in this case, but failed to do so.

Plaintiffs' leadership improperly tagged this case for inclusion in the MDL. TCA incorrectly asserts that 3M's decision to file the motion to compel in the District of Arizona "was directly contrary to the purpose of the MDL Order." (Dkt. No. 24 at 2.) The April 3, 2019 Transfer Order issued by the Judicial Panel on Multidistrict Litigation ("Order") states that all of the actions consolidated in the MDL "involve common factual questions arising out of allegations that defendants' Combat Arms earplugs were defective, causing plaintiffs to develop hearing loss and/or tinnitus." (Ex. 1 at 2, MDL Transfer Order at 2.) Furthermore, the Order notes that "[i]ssues concerning the design, testing, sale, and marketing of the Combat Arms earplugs are common to all actions." (*Id.*)

The dispute between TCA and 3M does ***not*** involve factual questions common to the plaintiffs in the MDL. This proceeding relates only to a motion to compel discovery from TCA. None of the issues before this Court involve the design, testing, sale, and marketing of the Combat Arms earplugs. As a result, centralization will not lead to any efficiencies gained, and TCA and Plaintiffs' leadership's attempts to transfer this proceeding to the MDL court at this late stage is improper.

This Court provides the only procedurally-proper avenue for 3M to pursue discovery from TCA. Federal Rule of Civil Procedure 45(d)(d) provides that "[a]t any time,

on notice to the commanded person, the serving party may move the court **for the district where compliance is required** for an order compelling production or inspection." TCA is located in Arizona, and compliance was required in this district. Accordingly, 3M properly moved this Court to compel discovery. Until today, TCA has never contested whether venue before this Court is appropriate—because it is not.

Instead, recognizing the apparent standing issue for TCA, Plaintiffs' leadership is attempting to use a transfer of this proceeding to the MDL to further delay a decision by this court. To the extent that Plaintiffs' leadership counsel had any privileged or other protected matter that is subject to the subpoena (which 3M submits that it does not), it could have moved to intervene in the matter before **this Court**. Under Rule 24, "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that deposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See* Fed. R. Civ. P. 24(a)(2); *see also Blotzer v. L-3 Commc'ns Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012) (a party has standing to challenge subpoenas issued to non-parties under Rule 45 "only if the party can show it has a personal right or privilege regarding the subject matter of the subpoena."). TCA's Supplemental Brief on Standing suggests that Plaintiffs' leadership counsel believes it has an interest in the outcome of this case. (*See* Dkt. No. 23 at 6.) While 3M disagrees, the proper course of action was for Plaintiffs' leadership counsel to intervene into the case when 3M filed the motion to compel, *not* to seek transfer to the MDL after the parties' briefing has been completed and oral argument scheduled for the next day.

Accordingly, 3M requests the Court to deny TCA's Motion to Continue Hearing, and proceed with oral argument as scheduled.

Date:  August 21, 2020                    Respectfully submitted,


KIRKLAND & ELLIS LLP


By: */s/ Tabitha J. De Paulo*
Tabitha J. De Paulo (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Tel.: (713) 836-3600
Email: tabitha.depaulo@kirkland.com

*Attorneys for 3M Company, 3M*
*Occupational Safety, LLC, Aearo*
*Technologies LLC, Aearo LLC, Aearo*
*Holding LLC, and Aearo Intermediate, LLC*

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Kirkland & Ellis LLP, 2049 Century Park East, Suite 3700, Los Angeles, California 90067.

I hereby certify that on August 21, 2020, I caused the attached document described as:

**RESPONSE TO TOP CLASS ACTIONS, LLC'S MOTION TO CONTINUE HEARING**

to be electronically transmitted to the Clerk's Office using the CM/ECF System for court filing, which will serve all counsel of record.

Executed on August 21, 2020 in Los Angeles, California.

Manu Salas