1  Maria Pellegrino Rivera (State Bar No. 018124)
   KIRKLAND & ELLIS LLP
2  300 North LaSalle
   Chicago, IL 60654
3  Telephone: (312) 862-2000
   Facsimile: (312) 862 2200
4  Email:mrivera@kirkland.com

5  Tabitha J. De Paulo (admitted *pro hac vice*)
   KIRKLAND & ELLIS LLP
6  609 Main Street
   Houston, TX 77002
7  Tel.: (713) 836-3600
   Email: tabitha.depaulo@kirkland.com
8
9  *Attorneys for 3M Company,*
   *3M Occupational Safety, LLC,*
   *Aearo Technologies LLC,*
10 *Aearo LLC, Aearo Holding LLC,*
   *and Aearo Intermediate, LLC*
11

12              **IN THE UNITED STATE DISTRICT COURT**

13              **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 14  3M Company et al. | Case No. 2:20-MC-00031-MTL |
| 15       Plaintiffs, | |
| 16  vs. | **SUPPLEMENTAL BRIEF IN SUPPORT OF 3M'S MOTION TO COMPEL DISCOVERY FROM TOP CLASS ACTIONS, LLC** |
| 17  Top Class Actions LLC, | |
| 18       Defendant. | |
| 19  In Re: 3M Combat Arms Earplug Liability Litigation | |
| 20 | |
| 21  Case No. 3:19-md-02885-MCR-GRJ | |
| 22  Northern District of Florida Pensacola Division | |
| 23 | |

24

25         3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo

26  Holding LLC, Aearo Intermediate, LLC and Aearo, LLC ("3M"), in accordance with this

27  Court's August 19, 2020 order (Dkt. No. 22), submits this supplemental brief regarding

28  standing. For the reasons set forth herein and in its Motion to Compel (Dkt. No. 1) (the

1    "Motion") and reply in support thereof (Dkt. No. 12) (the "Reply"), TCA does not have

2    standing to assert attorney-client privilege or work product immunity in this proceeding,

3    and the Motion should be granted.

4    **I.     TCA Does Not Have Standing to Assert Attorney-Client Privilege.**

5           TCA does not have standing to assert attorney-client privilege over information

6    submitted by potential claimants in the MDL through its website. As explained in the

7    Motion, TCA is not an attorney, and its clients are *law firms*, not the potential claimants or

8    clients of those law firms. As aptly noted by the Court in the August 19 order, the holder

9    of the attorney-client privilege is the client. *See* Dkt. No. 22 (citing *Avago Techs. Gen. IP*

10   *Pte. Ltd. v. Elan Microelectronics Corp.*, No. 04-cv-05385 RMW (HRL), 2007 WL

11   841785, at *2 (N.D. Cal. Mar. 20, 2007). "[T]he privilege can be invoked **only** at the

12   instance of the client." *U.S. v. Layton*, 855 F.2d 1388, 1406 (9th Cir. 1988) (emphasis

13   added); *see also Xcentric Ventures, L.L.C. v. Borodkin*, 934 F. Supp. 2d 1125, 1146 (D.

14   Ariz. 2013), *aff'd sub nom. Xcentric Ventures, LLC v. Borodkin*, 798 F.3d 1201 (9th Cir.

15   2015) ("The attorney-client privilege protects confidential attorney-client communications,

16   but the privilege belongs to the client and can be waived."). Because TCA does not have

17   an attorney-client relationship with the clients—the potential claimants in the MDL—it

18   does not have standing to assert attorney-client privilege on their behalf. *See U.S. v. Patej*,

19   2002 WL 31689508, at *4 (E.D. Mich. Oct. 17, 2002) (finding defendant "lack[ed]

20   standing to assert the attorney-client privilege as to the letter" from another individual to

21   his attorney because "[o]nly a party to the attorney-client relationship may assert the

22   privilege.").

23          *Compulit v. Banctec, Inc.* is on point. 177 F.R.D. 410, 411 (W.D. Mich. 1997).

24   Compulit was a company retained by law firms to provide "computer-assisted litigation

25   support" in complex litigation. *See id.* Compulit argued that the magistrate judge erred in

26   granting a motion to compel documents that pertained to its "relationship with eight law

27   firm clients" under both attorney-client privilege and work product theories. *Id.* The court

28   immediately recognized that "[t]here is, of course, no attorney-client privilege between

2

1    Compulit and its law firm customers. Compulit is not a law firm, nor does it have an

2    attorney-client relationship with its law firm customers." *Id.* at 412. While finding that

3    disclosure of privileged information to Compulit by the law firms would not break privilege

4    because Compulit "provide[s] a necessary service that the law firm feels it needs in order

5    to effectively represent its clients," the Court held that Compulit did not have standing to

6    assert the privilege itself. *Id. Compulit* highlights TCA's twofold problem in this

7    proceeding: (1) TCA does not have standing to assert attorney-client privilege as its clients

8    are not the potential claimants in the MDL, and (2) because TCA is a third party, and not

9    an agent to the law firms or the potential claimants, potential claimants waived any

10   privilege with respect to information submitted through TCA's website.

11          While some cases recognize that "[a]n attorney *or other representative* of a client

12   can claim the attorney-client privilege on the client's behalf," TCA is not a representative

13   of the client. *Avago Techs. Gen. IP Pte. Ltd.*, 2007 WL 841785, at *2. TCA's clients are

14   law firms—it does not act as a representative of the potential claimants themselves. Indeed,

15   many of the potential claimants that submitted questionnaires on TCA's website may have

16   never become, or sought to become, clients at all. For the same reasons identified in 3M's

17   Motion and Reply, TCA is not an agent, does not provide services necessary for the

18   provision of legal advice, and does not have standing to assert attorney-client privilege over

19   the forms submitted by potential claimants through their website.

20   **II.    TCA Does Not Have Standing to Assert Work Product Immunity.**

21          TCA likewise does not have standing to assert work product immunity. While both

22   the client and the attorney have standing to assert work-product, TCA is neither. *See, e.g.*,

23   *Xcentric Ventures, L.L.C. v. Borodkin*, 934 F. Supp. 2d at 1146 ("It is the attorney, though,

24   who has standing to assert the work-product privilege."); *MapleWood Partners, L.P. v.*

25   *Indian Harbor Ins. Co.*, 295 F.R.D. 550, 619 (S.D. Fla. 2013) ("Immunity from production

26   of work-product materials may be asserted by either the attorney or the client, and each can

27   waive that immunity, but only as to herself, as both the attorney and the client benefit from

28   the privilege."); *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 90 F.R.D. 45, 47 (N.D. Ill.

3

1    1981) ("[W]hile only a client may invoke the attorney-client privilege, both the attorney

2    and the client have standing albeit for different reasons to assert the work product

3    privilege."). Indeed, none of the law firm clients of TCA have moved to quash the subpoena

4    or intervene in this dispute. For good reason—the emails from the law firms in TCA's

5    possession are not protected by the work product doctrine, so none of the law firms have

6    any reason to intervene and assert any work product claims. TCA should not be permitted

7    to stand in their place.

8          *Syngenta Crop Prot., LLC v. Willowood, LLC* is instructive on TCA's attempts to

9    shield information under both the attorney-client privilege and work product privilege.

10   2016 WL 7231400 (W.D. Wash. Dec. 14, 2016). There, the court concluded that "[a]s a

11   third party, [the company] may not invoke either the attorney-client privilege or the work-

12   product doctrine." *Id.* at *3. The plaintiff in that case served a third-party subpoena on a

13   regulatory consulting company for the defendant. Although the plaintiff and the regulatory

14   company initially agreed that it did "not have standing to assert the attorney-client privilege

15   or work-product doctrine" mooting the issue, after a dispute about the scope of that

16   agreement, plaintiff accused the company of "using the privilege and the doctrine to 'shield

17   documents relating to work that it did in its *capacity as a regulatory agent* to secure [EPA

18   registrations and labels for defendants]." *Id.* (emphasis added). The court explained that

19   the "attorney-client privilege can be invoked only at the instance of the client" and that the

20   "work-product doctrine limits its protection to one who is a party (or a party's

21   representative) to the litigation in which discovery is sought." *Id.* (internal quotations and

22   citations omitted). Here, as a third party, TCA likewise does not have standing to assert the

23   attorney-client or work product privileges on behalf of the potential claimants or its law

24   firm clients.

25

26

27

28

4

1

**CONCLUSION**

2         For all the foregoing reasons, and for the reasons set forth in 3M's Motion and

3   Reply, 3M respectfully requests that the Court grant its Motion to Compel production of

4   documents requested in the TCA Subpoena.

5

6     Date:  August 24, 2020                    Respectfully submitted,

7

8                                              KIRKLAND & ELLIS LLP

9

10                                             By: */s/ Tabitha J. De Paulo*

11                                             Tabitha J. De Paulo (admitted *pro hac vice*)
                                               KIRKLAND & ELLIS LLP
12                                             609 Main Street
                                               Houston, TX 77002
13                                             Tel.: (713) 836-3600
                                               Email: tabitha.depaulo@kirkland.com
14

15                                             *Attorneys for 3M Company, 3M*
                                               *Occupational Safety, LLC, Aearo*
16                                             *Technologies LLC, Aearo LLC, Aearo*
                                               *Holding LLC, and Aearo Intermediate, LLC*
17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

     I am employed in the County of Los Angeles, State of California. I am over the age

3

of 18 and not a party to the within action. My business address is Kirkland & Ellis LLP,

4

2049 Century Park East, Suite 3700, Los Angeles, California 90067.

5

     I hereby certify that on August 24, 2020, I caused the attached document described

6

as:

7

**SUPPLEMENTAL BRIEF IN SUPPORT OF 3M'S MOTION TO COMPEL**

8

**DISCOVERY FROM TOP CLASS ACTIONS, LLC**

9

to be electronically transmitted to the Clerk's Office using the CM/ECF System for court

10

filing, which will serve all counsel of record.

11

     Executed on August 24, 2020 in Los Angeles, California.

12

13

14

15
                       Manu Salas

16

17

18

19

20

21

22

23

24

25

26

27

28