Amy M. Wilkins (SBN 022762)
Laura C. Brosh (SBN 031486)
THE WILKINS LAW FIRM, PLLC
3300 N. Central Ave., Ste. 2600
Phoenix, AZ 85012
Tel: 602-795-0789
awilkins@wilkinslaw.net
lbrosh@wilkinslaw.net

Attorneys for Top Class Actions, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: 3M Combat Arms Earplug Liability Litigation<br><br>Case No. 3:19-md-02885-MCR-GRJ<br><br>Northern District of Florida Pensacola Division | Case No. 2:20-MC-00031-MTL<br><br>**MOTION TO TRANSFER TO MDL COURT OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING DECISION OF JPML ON TRANSFER**<br><br>(Hon. Michael T. Liburdi) |

Non-party Top Class Actions, LLC ("TCA"), pursuant to Rule 45(f), Fed. R. Civ. P. and 28 U.S.C. § 1407(b), respectfully moves this Court to transfer this action to the United States District Court for the Northern District of Florida. In the alternative, TCA moves this Court to stay proceedings in this action pending the decision of the Panel on the pending transfer of the action to the MDL. In support, TCA states as follows.

## BACKGROUND

**A. The MDL Exists to Coordinate Discovery and Pretrial Proceedings in the Combat Arms Earplug Litigation**

On August 3, 2019, at the request of 3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate, LLC, Aearo, LLC

(collectively, "3M") and others, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order consolidating all federal actions involving 3M's Combat Arms Earplug Version 2 ("CAEv2") for coordinated discovery and pretrial proceedings in the United States District Court for the Northern District of Florida. *In re: 3M Combat Arms Earplug Products Liability Litig.*, MDL No. 2885, 366 F.Supp.3d 1368, *1369 (JPML 2019). In its Transfer Order, the JPML appointed the Honorable M. Casey Rodgers to preside over *In re: 3M Combat Arms Earplug Products Liability Litigation* (the "MDL" or "MDL 2885"), holding:

> [W]e select the Northern District of Florida as the transferee district for this litigation. Centralization in this district allows the Panel to assign this nationwide litigation to a forum with the necessary judicial resources and expertise to manage this litigation efficiently and in a manner convenient for the parties and witnesses. Judge M. Casey Rodgers, to whom we assign these proceedings, is an able jurist with experience in presiding over a large products liability MDL. We are confident that she will steer these proceedings on a prudent course.

*Id*. at *1369–70. In its Transfer Order, the JPML further held: "Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on Daubert issues and other pretrial matters; and conserve the resources of the parties, their counsel, and the judiciary." *Id*. at *1369.

Since its inception, more than 200,000 cases have been transferred to or direct-filed in the MDL. Judge Rodgers and Magistrate Judge Gary R. Jones have overseen all of the complex and voluminous discovery in these consolidated and coordinated MDL proceedings nationwide. The MDL Court has also appointed a Special Master, District Judge David R. Herndon (Ret.), to assist them. In accordance with Rule 45 of the Federal Rules of Civil Procedure, scores of subpoenas have been issued out of the MDL Court as "the court where the action is pending," with more subpoenas being issued almost every day.

2

### B. 3M's Subpoena to TCA

On February 7, 2020, 3M caused a Subpoena (to produce documents) to be issued out of the MDL Court to TCA. On June 19, 2020, 3M initiated this miscellaneous case, moving to compel responses to its MDL Subpoena. By 3M's own admission, this matter "arises out of" the MDL pending before Judge Rodgers in the Northern District of Florida. (Doc. 1.) This matter concerns fact discovery relating to the "claims for personal injuries allegedly sustained [by plaintiffs in MDL 2885] from use of the [CAEv2]." *Id*. at 1-2. Specifically, 3M seeks to compel the production of documents related to, among other things, "potential claims and damages related to CAEv2," "marketing or advertising directed to prospective plaintiffs to join MDL 2885," and "documents and communications between plaintiffs' law firms and TCA related to prospective plaintiffs in MDL 2885[.]" *Id*. at 2.

3M's Motion to Compel puts at issue significant questions concerning the relevancy and confidentiality of the requested records, as well as important privileges (including the attorney-client privilege and work product doctrines), which implicate the underlying MDL and would benefit from Judge Rodgers' and Judge Jones' expertise in this matter. Moreover, while TCA believes it has standing to assert the attorney-client privilege and work product doctrine herein, if this Court were to decide otherwise, such a finding would implicate the rights of numerous MDL plaintiffs not presently before the Court—all of whom would presumably need to intervene in these proceedings to assert their rights, despite the fact that all such plaintiffs, as well as 3M, are already parties to the MDL proceedings giving rise to the Subpoena in the first instance.

### C. Proceedings to Transfer Case to MDL

On August 21, 2020, having been made aware of this proceeding, Plaintiffs' Leadership Counsel in MDL 2885 caused a Notice of Potential Tag-Along Action to be filed with the JPML concerning this case. JPML Doc. 838. TCA filed a copy of same in this Court and sought a continuance of the August 24, 2020 hearing, which the Court granted,

continuing the hearing to September 21, 2020. The Court subsequently converted the September 21, 2020 hearing to a status conference. (Doc. 34.)

On August 31, 2020, the JPML issued a Conditional Transfer Order ("CTO-75"). MDL No. 2885 No. 851. On September 3, 2020, 3M filed a Notice of Opposition to CTO-75. MDL No. 2885 Doc. 861. On September 8, 2020, the JPML issued its briefing schedule. MDL No. 2885 Doc. 863. Under that schedule, 3M's Motion to Vacate is due on September 22, 2020, responses are due on October 13, 2020, and 3M's reply is due on October 20, 2020. The Clerk of Panel will then set the motion for the next appropriate hearing session, which will likely be in December. JPML Rule 7.1(f).

Therefore, it is thus now apparent to TCA that the JPML transfer decision will not be resolved prior to this Court's scheduled status conference on September 21, 2020. Consequently, TCA respectfully moves this Court to transfer or refer this matter directly to the MDL Court in accordance with Rule 45(f) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1407(b). Alternatively, TCA respectfully moves this Court to stay all further proceedings herein pending the JPML's transfer decision.

## ARGUMENT

**A.   The Court Should Transfer or Refer this Matter Directly to the MDL Court Pursuant to Federal Rule of Civil Procedure 45(f) or 28 U.S.C. § 1407(b).**

TCA requests that the Court transfer or refer this matter directly to the MDL Court for adjudication in accordance with Rule 45(f) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1407(b). Such a transfer will serve the interests of justice and efficiency underlying the MDL process and is wholly consistent with applicable law.

**1.   The Court Should Transfer this Matter Directly to the MDL Court Pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.**

3M initiated this miscellaneous case by filing a Motion to Compel against TCA pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Doc. 1.) Rule 45(f) authorizes

4

this Court to transfer this action directly to the MDL Court. Rule 45(f) states, in pertinent part:

> (f) TRANSFERRING A SUBPOENA-RELATED MOTION. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

Fed. R. Civ. P. 45(f). Rule 45(f) thus concerns the transferring of a subpoena-related motion, including (as here) a motion to compel the production of documents pursuant to a subpoena, from the court where compliance is required (this Court) to the issuing court (the MDL Court). Fed. R. Civ. P. 45(f); *In Re: Disposable Contact Lens Antitrust Litigation*, 306 F.Supp.3d 372, 373-383 (D. D.C. May 18, 2017) (transferring motion to compel subpoenaed documents pursuant to Rule 45(f) to the MDL court that issued the subpoena and oversaw the underlying litigation); *Cellular Comms. Equipment, LLC v. HTC Corp.*, No. 15-cv-2373-JAH-MDD, 2015 WL 1250944, *1 (S.D. Cal. Dec. 16, 2015) (transferring motion to compel subpoenaed documents pursuant to Rule 45(f) to the court where the underlying action was pending); *Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 427-430 (N.D. Cal. July 10, 2014) (same); *Chem-Aqua, Inc. v. Nalco Co.*, No. 3:14-mc-71-D-BN, 2014 WL 2645999, *1-4 (N.D. Tex. June 13, 2014) (same).

Under Rule 45(f), transfer is permissible when either "the person subject to the subpoena consents" or "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *Venus Medical Inc. v. Skin Cancer & Cosmetic Dermatology Center, PC*, No. 15-mc-00062, 2016 WL 159952, *2 (D. Ariz. Jan. 14, 2016). Here, "the person subject to the subpoena" is TCA. *See* Fed R. Civ. P. 45(f). TCA not only consents to the transfer of 3M's Motion to Compel to the MDL Court, but affirmatively requests that it be transferred. The transfer of this action to the MDL Court is thus authorized under Rule 45(f) on this basis alone. *See, e.g., Moon Mountain Farms, LLC*, 301 F.R.D. at 428.

Because TCA consents to the transfer of this action to the MDL Court, the Court need not consider whether exceptional circumstances warranting transfer are present here. Nevertheless, exceptional circumstances exist, and their existence forms an independent basis for the Court to transfer this matter to the MDL Court under Rule 45(f). As the Advisory Committee Note explains: "In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present." Fed. R. Civ. P. 45(f), advisory committee notes; *Venus Medical Inc.*, 2016 WL 159952, at *2; *Chem-Aqua, Inc.*, No. 2014 WL 2645999 at *1.

The Advisory Committee Note to Rule 45(f) identifies four non-exhaustive examples of exceptional circumstances: (1) consent by a nonparty and opposition from a party in the action attempting some type of mid-case forum shopping; (2) an issue in the subpoena-related motion that already has been presented to the issuing court or bears significantly on its management of the underlying action; (3) a risk of inconsistent rulings on subpoenas served in multiple districts; and (4) overlapping issues between the subpoena-related motion and the merits of the underlying action. 9A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463.1; *see also* Fed. R. Civ. P. 45, Advisory Committee Notes. District courts have found exceptional circumstances to exist in a number of different contexts. *See, e.g., Cellular Comms. Equipment, LLC*, 2015 WL 1250944 at *1-2 (finding exceptional circumstances and transferring pursuant to Rule 45(f) where communications in the transferee court had taken place concerning the discovery and transfer could potentially avoid inconsistent rulings); *Moon Mountain Farms*, 301 F.R.D. at 429-430 (finding exceptional circumstances and transferring pursuant to Rule 45(f) to avoid any attempt to circumvent the authority of the presiding judge in the underlying action, to avoid disruption of management of the underlying litigation, and because the transferee court was in a better position to rule due to its familiarity with the issues involved); *Chem-Aqua, Inc.*, No. 2014 WL 2645999 at *2-3 (finding exceptional circumstances and transferring pursuant to Rule

45(f) to avoid disrupting the issuing court's management of the underlying litigation and to prevent inconsistent outcomes on issues that may arise in discovery in many districts).

Notably here, the very existence of an ongoing MDL proceeding is itself an exceptional circumstance warranting transfer under Rule 45(f). The *In Re: Disposable Contact Lens Antitrust Litigation* court held that "the MDL status of the underlying litigation is surely an 'exceptional circumstance' that weighs strongly in favor of transfer to the [MDL] Court under Rule 45(f), because the same concerns about orderliness and disruption that led to the consolidation of actions as an MDL in the first place arise with respect to pretrial disputes regarding subpoenas issued in the context of that complex litigation." 306 F. Supp. 3d at 378. The court further stated:

> It is clear from the record in this case that the district judge and magistrate judge who are presiding over the underlying multidistrict antitrust proceedings have managed those proceedings in a centralized fashion, thereby attempting to avoid duplicative or unnecessary discovery and the risk of piecemeal or inconsistent rulings regarding pretrial matters. Furthermore, with respect to discovery proceedings in particular, the Issuing Court "has already supervised substantial discovery"—which is a factor that weighs in favor of transfer under Rule 45(f). For example, the Issuing Court has issued comprehensive case management orders that have defined the scope of permissible discovery, and has set detailed pretrial schedules for discovery, dispositive motions, and class certification. The Issuing Court also continues to hold regular discovery conferences; has already ruled on numerous discovery disputes; and is currently overseeing several other outstanding issues related to discovery.
>
> Thus, it is clear to this Court that transferring this matter to the Issuing Court would avoid disruption of the carefully planned and time-sensitive discovery rulings that the Issuing Court has already made.

*Id*. at 378-379 (internal citations and references omitted).

A nearly identical scenario exists here. Judge Rodgers and Magistrate Judge Jones who preside over the underlying MDL have organized, managed, and conducted those

7

proceedings in a centralized fashion. They have established a rigorous and comprehensive discovery schedule for general corporate discovery and bellwether discovery. They have sought to avoid duplicative, unnecessary, and vexatious discovery and the risk of piecemeal or inconsistent rulings throughout all pretrial proceedings. Indeed, Judge Rodgers and Magistrate Judge Jones have already supervised substantial, complex discovery arising out of the MDL, ruling on myriad discovery disputes involving similar privilege issues. The MDL Court also holds regular case management and discovery conferences and has issued at least fourteen (14) case management orders and fifty-two (52) pre-trial orders defining the scope of permissible discovery and detailing the parties' discovery obligations. Finally, the MDL Court has established a tiered, bellwether discovery and trial process to streamline the underlying proceedings and to make them more efficient. The transfer of this action would avoid interference with the MDL Court's ongoing, centralized discovery efforts and its bellwether discovery process.

Moreover, as in *In Re: Disposable Contact Lens Antitrust Litigation*, the dispute here centers, at least in part, on whether the subpoenaed documents are even relevant to the claims the various plaintiffs make in the underlying MDL. "Therefore, ruling on the enforceability of the subpoena would require an assessment of the relevance of the documents at issue to the complex claims being litigation in the underlying MDL; yet, this Court has 'limited exposure to an understanding of the primary action.' By contrast, the judges who are presiding over the MDL are already 'knee-deep in the nuances of the underlying litigation,' and thus are clearly 'in a much better position that this Court to evaluate relevance.'" *Id.* at 381-382 (internal citations omitted).

Here there are clearly overlapping issues between the subpoena-related motion and the merits of the underlying action. Further, given the dozens of subpoenas served by 3M in MDL 2885, there is an obvious risk of inconsistent ruling on subpoenas served in multiple districts. The MDL Court is familiar with the pendency of this action and has discussed the status of this action with the parties at its August 28, 2020 Case Management Conference.

The MDL Court's ability to supervise and adjudicate discovery disputes such as this one bears significantly on its management of the consolidated and coordinated pretrial proceedings which the JPML has assigned to it.

That exceptional circumstances warranting transfer under Rule 45(f) are present here cannot legitimately be disputed by 3M. Just this week, 3M made the same argument in another miscellaneous case arising out of the *In re: 3M Combat Arms Earplug Products Liability Litig*. *See* 3M's Motion to Transfer Under Rule 45(f), *U.S.A. v. 3M Co.*, et al., No. 8:20-mc-79 (M.D. Fla. Sept. 4, 2020) a copy of which is attached hereto as Exhibit A. There, under similar facts, 3M argued, "It would be a needless waste of resources for dozens of federal courts across the country to become familiar with the facts of this litigation when Judge Rodgers could easily resolve the motions herself." Ex. A at 4. 3M further stated:

> Piecemeal resolution of the [subpoena-related motions] would also undermine the statutory role of the MDL court and threaten the integrity of the bellwether process. The purpose of forming an MDL is to allow a single judge to conduct "consolidated pretrial proceedings" for a group of cases involving common questions of fact. 28 U.S.C. § 1407(a). Scattering these important discovery disputes across the country would directly against that purpose, sacrificing the efficiency of consolidated MDL proceedings for no gain. Accordingly, district courts have repeatedly held that "the MDL status of the underlying litigation is surely an 'exceptional circumstance' that weighs strongly in favor of transfer to the Issuing Court under Rule 45(f)." *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 378 (D.D.C. 2017) (emphasis added); *see also Mylan, Inc. v. Analysis Grp.*, 2018 WL 1204183, at *1 (D. Mass. April 20, 2018); *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *2 (W.D. Tex. April 27, 2017); *In re Niaspan Antitrust Litig.*, 2015 WL 3407543, at *1 (D. Md. May 26, 2015) ("[W]here the underlying action is a multidistrict litigation, transfer may be warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes.").

*Id*. at 4-5. Thus, according to 3M, in cases like the one pending here, "the balance of interests weighs heavily in favor of transfer." *Id*. at 4-5. To the extent this Court has any doubt that transfer is appropraite, 3M notably indicates in its motion that "3M would encourage the Court to contact Judge Rodgers directly and discuss the many practical reasons she should maintain sole control over discovery disputes in this litigation." *Id*. at 7 (citing Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments) ("Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.")).

Thus, by 3M's own admission, exceptional circumstances warranting transfer are present in this case. Transferring 3M's Motion to Compel to the MDL Court will avoid disrupting that court's management of the underlying complex MDL, will preserve judicial resources, will not burden TCA or 3M, and will ensure that this dispute is handled by the tribunal most familiar with the underlying issues. *See In Re: Disposable Contact Lens Antitrust Litigation*, 306 F.Supp.3d at 374.

### 2. Alternatively, the Court Should Transfer This Matter Directly to the MDL Court Pursuant to 28 U.S.C. § 1407(b).

Rule 45(f) provides a sufficient, stand-alone basis for the Court to transfer this matter to the MDL Court. A second, alternative basis also exists. When pretrial proceedings have been consolidated by the JPML, a district court has authority under 28 U.S.C. § 1407(b) to transfer or refer a related motion to compel or to enforce a subpoena to the court conducting the pretrial proceedings. See, e.g., *In re Subpoena Issued to Boies, Schiller & Flexner LLP*, 2003 WL 1831426, \*1 (S.D.N.Y. 2003) ("I am referring the motion to the [Judge] who is presiding over the multi-district litigation."); *In re Welding Rod Prods. Liability Litig.*, 406 F.Supp.2d 1064, 1065-68 (N.D. Cal. 2005) ("this court is persuaded that referring the instant dispute to the [MDL Court] will best serve the interests of justice, judicial efficiency, and consistency underlying the MDL rules."); *see also Multidistrict Litigation – Subpoena – Transfer*, 21 No. 2 FEDERAL LITIGATOR 14 (Feb. 2006). This is possible because, under

10

prevailing law, "section 1407(b) empowers an MDL-transferee court to exercise the powers of any other district court, including the enforcement of documents-only subpoenas." *In re Welding Rod Prods. Liability Litig.*, 406 F.Supp.2d at 1066; *see also In re Subpoena Issued to Boies, Schiller & Flexner LLP*, 2003 WL 1831426, *1 (holding that 28 U.S.C. § 1407(b) "gives [the MDL judge] the authority to hear th[e] motion by 'exercising the powers' of a judge in the [transferor court]."). As stated by Wright and Miller, "A multidistrict litigation court has authority to decide motions to compel or motions to quash or modify subpoenas directed to nonparties in any district."  9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed. Apr. 2020); *see also* 32A AM. JUR. 2D FEDERAL COURTS § 1410 (Aug. 2020).

Here, transfer or referral to the MDL Court under 28 U.S.C. § 1407(b) is warranted. The Subpoena at the heart of this miscellaneous case which gives rise to 3M's pending Motion to Compel was issued out of the MDL Court. By 3M's own admission, this matter "arises out of" the MDL and concerns fact discovery relating to the "claims for personal injuries allegedly sustained [by plaintiffs in MDL 2885] from use of the Combat Arms Earplug Version 2 ("CAEv2"). JPML Doc. 1. Specifically, via this action, 3M seeks to compel the production of documents related to, among other things, "potential claims and damages related to CAEv2," "marketing or advertising directed to prospective plaintiffs to join MDL 2885," and "documents and communications between plaintiffs' law firms and TCA related to prospective plaintiffs in MDL 2885[.]" *Id*. at 2. Further, 3M is a party to the MDL proceedings and has no legitimate objection to the MDL Court's hearing its Motion to Compel.

The MDL Court has been presiding over discovery disputes akin to the matter at hand for nearly sixteen months. *In re: 3M Combat Arms Earplug Products Liability Litig.*, 366 F.Supp.3d at *1369. It is steeped in the factual and procedural posture of the litigation, the complex claims and defenses asserted, and the related discovery efforts which are ongoing nationwide. The MDL action involves complex issues whose resolution by various

district courts risks inconsistent results and frustration of the goals of judicial economy and efficiency served by consolidation for pretrial purposes. The very purpose of coordinating pretrial proceedings and discovery in MDL actions is to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Where actions have been consolidated for pretrial proceedings by the JPML, "[s]uch coordinated or consolidated pretrial proceedings shall be conducted by [the MDL judge] to whom such actions are assigned[.]" 28 U.S.C. § 1407(b); *see also In re Welding Rod Prods. Liability Litig.*, 406 F.Supp.2d at 1066.

For each of the foregoing reasons, TCA respectfully requests that this Court transfer or refer this matter to the MDL Court in accordance with Rule 45(f) or 28 U.S.C. § 1407(b).

### B.   If the Court Does Not Transfer this Case Directly to the MDL Court, the Court Should Stay this Matter Pending the JPML's Transfer Decision.

If the Court does not transfer this case directly to the MDL Court pursuant to either Rule 45(f) or 28 U.S.C. § 1407(b), TCA respectfully requests that the Court stay these proceedings pending the JPML's transfer decision. Federal courts possess inherent powers to stay proceedings before them. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). District courts consistently and routinely stay cases during the pendency of a JPML transfer motion. *See, e.g., Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d. 804, 809 (N.D. Cal. 1998); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). This makes obvious sense because an interim stay promotes judicial economy and avoids inconsistent results. *See, e.g., Bd. of Trustees of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F.Supp.2d 900, 905-06 (N.D. Ill. 2002).

In evaluating a motion to stay pending potential MDL transfer, this Court considers the threat of prejudice to the parties and whether a stay would cause an undue delay. *Barker v. Prospect Mortg., LLC*, No. CV-13-00822-PHX-SRB, 2013 WL 5462256, at *1 (D. Ariz. Oct. 2, 2013). Both factors militate in favor of granting a stay pending the JPML's transfer decision here. Furthermore, a stay would promote judicial economy and prevent inconsistent rulings.

No party will suffer prejudice by temporarily staying this action; neither will a temporary stay unduly delay these proceedings. TCA consents to transfer as set forth herein. Moreover, while 3M has argued in response to TCA's prior stay motion that MDL transfer is "improper[,]" an allegation which TCA denies, at no time has 3M ever argued that a temporary stay of this action would prejudice it, nor could it in good faith. *See* Doc. 27 at 1-3.

In fact, since the JPML issued its original Transfer Order consolidating all federal actions involving 3M's CAEv2 for coordinated discovery and pretrial proceedings in the MDL Court, 3M has sought to transfer myriad cases nationwide to MDL 2885, extolling in each case the significant benefits and virtues of consolidated and coordinated pretrial proceedings and discovery. *See* 3M's Suggestions in Support of Defendants' Motion to Stay*, Evans v. 3M Co., et al.*, No. 20-CV-03085-DPR (W.D. Mo. Apr. 10, 2020) a copy of which is attached hereto as Exhibit B. In many such instances, 3M has also sought to stay all proceedings in the transferor courts pending the JPML's transfer decision. *See, e.g.*, Exhibit C at 1-2. In a motion filed in April 2020, 3M stated:

> It is well within this Court's power to grant [3M's] Motion to Stay. To date, no court has denied a stay of proceedings pending transfer of a removed case to the Combat Arms MDL. Indeed, the Southern District of California and this Court, for example, have stayed proceedings in other CAEv2 cases pending transfer to the Combat Arms MDL. *See e.g., Order, Mann v. 3M Co.*, No. 19-cv-6014-HFS (W.D. Mo. Mar. 1, 2019), Dkt. 6; Order, *Rice v. 3M Co.*, No. 19-cv-00073-HFS (W.D. Mo. Apr. 9, 2019), Dkt. 6; Order, *Zamundio v. 3M Co.*, No. 19-cv-2277-BGS (S.D. Cal. Jan. 24, 2020), Dkt. 18.

Exhibit B at 1-2. 3M has also argued that "granting a motion to stay 'eliminate[s] duplicative discovery; prevent[s] inconsistent pretrial rulings, . . . and conserve[s] the resources of the parties, their counsel, and the judiciary.'" Exhibit B at 8 (citing *In re Cal. Retail Nat. Gas & Elec. Antitrust Litig*., 150 F. Supp.2d 1383, 1384 (JPML 2001) and MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.35 (2004)). "[B]oth efficiency and justice will be

13

served by having all rulings come from the MDL court because potentially duplicative and inconsistent rulings will be avoided." Exhibit A at 10. After supporting centralization of all proceedings in a single MDL court and then using the resulting MDL processes to consolidate all related litigation against it into a single forum for coordinated pretrial proceedings (and specifically discovery), 3M's about-face here is glaring.

Further, while 3M does not contend that it would be unfairly prejudiced by a temporary stay of these proceedings, any potential prejudice is clearly limited by minimal delay. TCA does not seek an indeterminate suspension of the litigation. As demonstrated by the record, Plaintiffs' Leadership Counsel has already sought JPML transfer and related briefing is underway. Doc. 24, 25. Awaiting the JPML's decision whether to transfer an action to the MDL "is about as determinate a time period can be when it depends upon the decision of a federal court." *Hertz Corp. v. The Gator Corp.*, 250 F.Supp.2d 421, 425 (D.N.J. 2003). Once transfer is final, 3M may have its Motion to Compel heard promptly by the MDL Court—out of which 3M's instant Subpoena and numerous other Subpoenas have issued—which is familiar with the parties, steeped in both the law and facts concerning the same or similar issues, and which can ensure consistent pretrial discovery rulings nationwide. Further, in the unlikely event JPML transfer is denied, the stay can be lifted promptly, and this Court can proceed with this matter as before, or transfer or refer the matter to Judge Rodgers directly in accordance with Rule 45(f) or 28 U.S.C. § 1407(b) as outlined above. Therefore, no undue delay of these proceedings will result from a brief, temporary stay.

However, if this Court does not grant a stay, Plaintiffs Leadership Counsel and countless plaintiffs may be forced to intervene in this action to assert their rights, despite the fact that all of the relevant parties and their counsel are already before the MDL Court or have consented to proceedings before the MDL Court. There is no rational basis for such duplicative litigation. This dispute originated out of the MDL Court and the MDL Court

should decide the dispute as part of the consolidated and coordinated pretrial proceedings established by the JPML.

The purpose of multidistrict litigation is to streamline pretrial proceedings and allow for the efficient and consistent resolution of issues. 28 U.S.C. § 1407(a). This Court has held that deference to the MDL court provides "the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Tucson Med. Ctr. v. Purdue Pharma LP*, No. CV-18-00481-TUC-RCC, 2018 WL 10638113, at *1 (D. Ariz. Oct. 5, 2018). A temporary stay of these proceedings pending JPML transfer will not unduly delay these proceedings or prejudice any party. Rather, a brief stay of these proceedings will conserve judicial resources and ensure the efficient and consistent administration of justice. For these reasons, TCA respectfully requests that the Court stay these proceedings pending the JMPL's forthcoming transfer decision.

## CONCLUSION

For the foregoing reasons, this Court should transfer or refer this matter to the MDL Court for adjudication pursuant to Federal Rule of Civil Procedure 45(f) or 28 U.S.C. § 1407. Alternatively, the Court should stay further proceedings herein pending the JPML's transfer decision.

RESPECTFULLY SUBMITTED this 16th day of September, 2020.

THE WILKINS LAW FIRM, PLLC

By: /s/ Amy M. Wilkins
    Amy M. Wilkins
    Laura Brosh
    3300 N. Central Ave., Ste. 2600
    Phoenix, AZ  85012
    Phone:  602-795-0789
    awilkins@wilkinslaw.net
    lbrosh@wilkinslaw.net

*Attorneys for Top Class Actions, LLC*

15

CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2020, I electronically transmitted the foregoing document to the Clerk of the U.S. District Court using the CM/ECF system for filing and service to all parties/counsel registered to receive copies in this case.

By /s/ Cheryl Hays
Cheryl Hays