Maria Pellegrino Rivera (State Bar No. 018124)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862 2200
Email: mrivera@kirkland.com

Tabitha J. De Paulo (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Email: tabitha.depaulo@kirkland.com

*Attorneys for 3M Company,*
*3M Occupational Safety, LLC,*
*Aearo Technologies LLC,*
*Aearo LLC, Aearo Holding LLC,*
*and Aearo Intermediate, LLC*

**IN THE UNITED STATE DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 3M Company et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>Top Class Actions LLC,<br><br>    Defendant.<br><hr>In Re: 3M Combat Arms Earplug Liability Litigation<br><br>Case No. 3:19-md-02885-MCR-GRJ<br><br>Northern District of Florida<br>Pensacola Division | Case No. 2:20-MC-00031-MTL<br><br>**3M COMPANY'S OPPOSITION TO (I) TOP CLASS ACTION LLC'S MOTION TO TRANSFER TO MDL COURT OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND (II) MDL PLAINTIFFS' MOTION TO INTERVENE AND MOTION TO TRANSFER OR STAY** |

3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate, LLC and Aearo LLC ("3M"), submits this consolidated opposition to Top Class Action LLC's ("TCA") Motion to Transfer to MDL Court or, in

the Alternative, to Stay Proceedings Pending Decision of JPML on Transfer (Dkt. No. 35) and MDL Plaintiffs' Motion to Intervene and Motion to Transfer or Stay (Dkt. No. 37).

## I.  BACKGROUND

Despite the underlying motion to compel having been fully briefed since July 17, 2020, TCA and the as-defined "MDL Plaintiffs"[1] now ask this Court to transfer this dispute to the United States District Court for the Northern District of Florida to proceed before Judge Rodgers and Magistrate Judge Jones as part of MDL 2885. While 3M does not dispute that Judge Rodgers and Magistrate Judge Jones could competently decide the issues presented in the motion to compel, TCA and MDL Plaintiffs ignore the significant judicial resources already expended by this Court, and the substantial additional judicial resources that would need to be expended in the Northern District of Florida for Judge Rodgers or Magistrate Judge Jones to decide this issue—an issue which has not previously been examined in the MDL.

As this Court is aware, on February 7, 2020, 3M served TCA with a subpoena seeking documents relevant to the claims and defenses in the MDL. *See* Dkt. No. 1, Ex. 1.[2] Although TCA agreed to produce select documents, TCA objected to producing other responsive documents asserting that they were "confidential, attorney-client privileged, or attorney work product." *See* Dkt. No. 1 at 2-3. On June 19, 2020, 3M filed its motion to compel seeking production of documents responsive to the subpoena. *See id*. On July 9, 2020, TCA filed its opposition brief (Dkt. No. 10), but notably did not contest venue before

---

[1] 3M's use of the defined term "MDL Plaintiffs" is for ease of reference only, and should not be construed as an agreement that the proposed definition of such individuals is proper.

[2] TCA and MDL Plaintiffs attempt to make much out of 3M's statement that the subpoena "arises out of" the MDL. *See* Dkt. 35, at 11; Dkt. 37, at 3. That is far from an admission that only the MDL court would have jurisdiction. As this Court likely already appreciates, every subpoena must "arise out of" a pending litigation—it must be issued by the court where the action is pending. *See* Fed. R. Civ. P. 45(a)(2). Likewise, this action does not, as MDL Plaintiffs suggest, involve any "common questions of fact" with the issues in the MDL, as required for a "tag-along action." Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Rule 1.1(h); Dkt. 37, at 3. Therefore, there was no reason to notify the JPML of any related action. Dkt. 37, at 3.

this Court. The motion to compel is fully briefed, and at this Court's request, 3M and TCA have each filed two additional briefs regarding TCA's standing to assert the attorney-client and work product privileges. This Court was prepared to hear oral argument on August 13, 2020, which was continued to August 24, 2020.

On the eve of oral argument, and over two months after 3M filed its motion to compel, on August 21, 2020, TCA *for the first time* raised an issue with venue before this Court. That day, Plaintiffs' leadership filed a Notice of Tag-Along Action, improperly seeking to tag the TCA Action into the MDL. *See* Dkt. No. 25. On August 31, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") issued Conditional Transfer Order No. 75. 3M opposed the transfer, and filed a motion to vacate the conditional transfer order on September 22, 2020. *See* Ex. 1. While the JPML transfer decision has been pending, TCA filed a motion to transfer or refer this matter to the Northern District of Florida pursuant to Federal Rule of Civil Procedure 45(f) or 28 U.S.C. § 1407(b). *See* Dkt. No. 35.

The very next day, Plaintiffs' Leadership Counsel, among others, filed a motion to intervene and motion to transfer or stay, purportedly on behalf of the "MDL Plaintiffs." *See* Dkt. No. 37. "MDL Plaintiffs" are defined in the motion as "all persons who have filed cases in MDL 2885 and pursued legal advice or assistance through Top Class Actions LLC." *Id.* at n.1. 3M hereby files this opposition to TCA and MDL Plaintiffs' motions to transfer or stay, and to MDL Plaintiffs' motion to intervene.

**II.   ARGUMENT**

*First*, MDL Plaintiffs should not be permitted to intervene in this matter. *Second*, TCA and MDL Plaintiffs requests that the Court transfer this matter directly to the Northern District of Florida pursuant to Federal Rule of Civil Procedure 45(f) or 28 U.S.C. § 1407(b). Neither argument is persuasive, and this Court should deny both requests. *Third*, TCA and MDL Plaintiffs request that this proceeding be stayed pending a decision by the JPML. Such a stay is not necessary or warranted here.

**A.   The "MDL Plaintiffs" Should Not Be Permitted to Intervene in This Action**

As an initial matter, it remains unclear what authority Burnett Law Firm, Aylstock, Witkin, Kreis & Overholtz, PLLC, and Ciresi Conlin LLP have to represent the "MDL Plaintiffs." Based on the documents produced by TCA in response to the subpoena, TCA sold the leads generated through its advertising related to the MDL to three firms: The Gori Law Firm, McDonald Worley, P.C., and Robert Peirce & Associates.[3] None of those firms were involved in filing the motion to intervene, and the motion to intervene fails to explain what attorney-client relationship the law firms have to the "MDL Plaintiffs," if any.

One of those firms—Aylstock, Witkin, Kreis & Overholtz, PLLC—is a member of Plaintiffs' Leadership Counsel.[4] But Plaintiffs' Leadership Counsel does not have authority to assert attorney-client privilege on behalf of individuals represented by other law firms. Nor can it assert work product protections on behalf of those individuals, or on behalf of TCA's law firm clients. Although the MDL court's order permits lead counsel submit motions "involving matters within the Lead Counsel's sphere of responsibilities," it is not permitted to submit motions based on "matters specifically directed to individual plaintiffs and their counsel." Ex. 4, at Section A¶ 2.

Indeed, at a recent case management conference, Judge Rodgers made clear that "[b]ecause [individual counsel is] the attorney that [the] client has hired to represent him or her in this litigation, [individual counsel] will also appear as an officer of the Court in those cases," and that she "will consider [individual counsel] primarily responsible, if not exclusively responsible, for the handling of your individual case." Ex. 5, 8/28/20 Hr'g Tr. at 4:17-24. That is why, in the multiple privilege disputes that have arisen in the MDL with

---

[3]   *See* Ex. 2 (examples of invoices issued by TCA to each firm).

[4]   On May 22, 2019, the MDL court issued an order appointing a leadership team of plaintiffs' firms for the litigation. *See* Ex. 3, MDL 2885, Pretrial Order No. 7, Dkt. No. 376. The structure and function of leadership counsel are set forth in Pretrial Order No. 4. *See* Ex. 4, Dkt. No. 76.

respect to individual plaintiffs' cases, each plaintiff's individual counsel was responsible for addressing those privilege disputes, and responding to the motions accordingly.

This is not the situation where hundreds of law firms may have work product subject to protection, and thousands of individual plaintiffs may be represented by dozens of different law firms. The law firms which may have standing to assert attorney-client privilege on behalf of their clients, and assert their client's or their own work product protection, are readily identifiable from the documents produced by TCA. Accordingly, this Court should decline to grant the broad motion to intervene proposed by "MDL Plaintiffs" because those firms lack standing to represent the constituency they purport to file the motion on behalf of. Intervention would therefore not fix TCA's current standing problem.[5]

### B. TCA and MDL Plaintiffs' Motion to Transfer Should Be Denied.

1. *This Court should exercise its discretion to deny the transfer pursuant to Rule 45(f).*

Rule 45(f) states that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f) (emphasis added). Although TCA consents to the requested transfer, this Court should exercise its discretion to deny the request to promote judicial efficiency and avoid undue delay.[6]

As an initial matter, this dispute relates only to a motion to compel discovery from TCA—a third party advertiser that does not have *any* claims against 3M related to the

---

[5] Should this Court allow the motion to intervene with respect to the "MDL Plaintiffs," 3M requests that counsel for those MDL Plaintiffs identify which "persons who have filed cases in MDL 2885" that they represent, and their basis for standing with respect to those individuals. Indeed, there are thousands of unfiled cases on the administrative docket in the MDL that the motion to intervene presumably would not cover.

[6] This opposition responds to MDL Plaintiffs' arguments in support of transfer and stay for completeness. However, to the extent MDL Plaintiffs' motion to intervene is denied, as 3M submits it should be, this Court should not consider their motion to transfer or stay.

5

Combat Arms Version 2 ("CAEv2"). Unlike the issues in MDL 2885 in the Northern District of Florida, none of the issues before this Court involve the design, testing, sale, and marketing of the CAEv2. Rather, the dispute relates to legal issues on the scope of client confidentiality, the attorney-client privilege, and the attorney work product doctrine.

TCA argues that transfer is proper because "Judge Rodgers and Magistrate Judge Jones have already supervised substantial, complex discovery arising out of the MDL, ruling on myriad discovery disputes involving similar privilege issues." Dkt. No. 35, at 8. While it is certainly true that Judge Rodgers and Magistrate Judge Jones have resolved many discovery disputes in the MDL, and are fully capable of resolving this dispute if ultimately submitted for their review, it is ***not*** true that they have resolved disputes involving "similar privilege issues." *Id.* The privilege afforded to documents and communications submitted through third-party advertisers would be a matter of first impression before the MDL court, and would require Judge Rodgers and Magistrate Judge Jones to afford additional judicial resources to address the issue—resources that this Court has already expended.

TCA relies on *In re Disposable Contact Lens Antitrust Litigation*, 306 F. Supp. 3d. 372 (D.D.C. 2017), to support its position. *See* Dkt. No. 35 at 7. However, the court in that case made clear that "the same concerns about orderliness and disruption that led to the consolidation of actions as an MDL in the first place" warranted transfer. *See In re Disposable Contact Lens Antitrust Litigation*, 306 F. Supp. 3d. at 378. The same concerns about orderliness and disruption do not exist here. As explained above, the dispute here relates to legal issues on the scope of client confidentiality, the attorney-client privilege, and the attorney work product doctrine, not the underlying claims of the plaintiffs in the MDL.

While TCA argues that "given the dozens of subpoenas served by 3M in MDL 2885, there is an obvious risk of inconsistent ruling on subpoenas served in multiple districts," and cites to the multiple subpoenas and motions to transfer pending in other districts, those

subpoenas are readily distinguishable. Dkt. 35, at 8–9. The subpoenas subject to the motions to transfer cited by TCA and the MDL Plaintiffs relate to deposition subpoenas of current government employees. Unlike here, Judge Rodgers and Magistrate Judge Jones have been heavily involved in government discovery from the start of this litigation. In May 2019, representatives of the Department of Defense and Department of Justice gave an on-the-record presentation to Judge Rodgers and the parties on the *Touhy* regulations that govern the response of federal agencies to civil subpoenas and other discovery requests. And as recognized in the recent ruling by the Middle District of Florida granting 3M's motion to transfer, "Judge Rodgers appointed Special Master Judge David Herndon (ret.) to coordinate government discovery issues." Ex. 6, Case No. 8:20-mc-000079, Dkt. No. 8 (M.D. Fla. Sept. 21, 2020). 3M and the United States have already spent months litigating a discovery dispute before Judge Rodgers and Magistrate Judge Gary Jones, which culminated in orders from Judge Rodgers that the parties should serve subpoenas on the government, in addition to administrative *Touhy* requests. The deposition subpoenas, the related motions to quash by the government, and the pending motions to transfer by 3M, relate to those issues that Judge Rodgers and Magistrate Judge Jones have been involved in from the start.

To the contrary here, this is the first and only pending motion to compel on privilege issues related to third party advertisers. The issues here are discrete from those before the MDL court and will not result in any sort of disruption to the rulings in the MDL court. Indeed, there are *no* overlapping issues between the subpoena and the underlying action in

the MDL at all.[7] In addition, the motions to transfer related to the government deposition subpoenas were filed within days of the government filing their motions to quash, and prior to the district court expending significant judicial resources on the underlying issues; unlike here, where the motion to compel is fully briefed, and this Court has spent significant time and effort understanding the issues.

Finally, TCA argues that the mere existence of an ongoing MDL proceeding and the overlapping issues between the subpoena-related motion and the underlying action are exceptional circumstances. *See* Dkt. No. 35 at 7-8. While that may be true in some situations, that is not the case here. Indeed, courts have found that just because "the underlying action is an MDL does not automatically confer exceptional circumstances." *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670-JLS-MDD, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2018). MDL Plaintiffs further argue that the "risk of inconsistent rulings" creates an exceptional circumstance warranting transfer. Dkt. No. 37, at 8. But as explained above, the MDL court has not previously considered the discrete issues raised in the motion to compel, and there are no other similar motions to compel pending in other courts. Accordingly, 3M requests that this Court deny TCA's motion to transfer pursuant to Rule 45(f), in an effort to avoid duplicating the efforts of this Court by the MDL court.

---

[7] TCA's argument that "the dispute here centers, at least in part, on whether the subpoenaed documents are even relevant to the claims the various plaintiffs make in the underlying MDL" is disingenuous in light of the meet and confer between 3M counsel and TCA counsel the day before oral argument was scheduled to take place (the same meet and confer in which 3M's counsel agreed to continue the hearing due to TCA counsel's representation that she was ill). At that meet and confer, 3M's counsel informed TCA's counsel that based on the documents provided by TCA to date, 3M did not intend to pursue additional documents related to Request Numbers 7–8 of the subpoena—the sole requests for which TCA asserts a relevance objection. TCA does not dispute the relevance of the other requests, so there are no relevance determinations for this Court to make.

       2.     *Transfer Under 28 U.S.C. § 1407(b) Would Not Promote Judicial Efficiency.*

TCA also contends that 28 U.S.C. § 1407(b) permits this Court to transfer or refer the matter to the MDL court. *See* Dkt. No. 35 at 10-11. Section 1407(b) provides:

> The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.

28 U.S.C. 1407(b) (emphasis added).

In addition, those courts that have relied upon section 1407(b) to refer a matter to the presiding MDL court have done so when it will "best serve the interests of justice, judicial efficiency, and consistency underlying the MDL rules." *In re Welding Rod Prod. Liab. Litig.*, 406 F. Supp. 2d 1064, 1067 (N.D. Cal. 2005). As explained above, judicial efficiency would not be served by transferring this matter. The motion to compel was properly filed before this Court. Indeed, transferring this matter at this late stage will only result in further delays and inefficiencies, which are contrary to the purpose of the MDL rules. Therefore, the Court should deny TCA's motion to transfer under 28 U.S.C. § 1407(b).

**C.**    **This Court Should Not Stay the Proceedings.**

Under the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, "[t]he pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Rule 2.1(d). "When considering a motion to stay, district courts take into account (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Tucson Med. Ctr. v. Purdue Pharma LP*, No. CV-18-00532-TUC-RCC,

2018 WL 6629659, at *1 (D. Ariz. Dec. 19, 2018) (internal quotations and citation omitted).

*First*, 3M will be prejudiced by additional delay. This Court was prepared to hear oral argument on the motion to compel on August 13. However, due to counsel's representations that she was ill, that hearing date was continued. In the interim, TCA and plaintiffs' counsel have undertaken every possible effort to avoid this Court's proper exercise of jurisdiction over this matter—tagging this case into the MDL, and filing two motions before this Court. This is not the "short stay" that MDL Plaintiffs and TCA suggest. Dkt. No. 37, at 10; *see also* Dkt. No. 35, at 13. Instead, an issue that could have been decided after the August 13 hearing would be stayed pending a decision by the JPML, which MDL Plaintiffs' counsel represented would not occur until at least December. *See* Ex. 5, 8/28/2020 Hr'g Tr. at 50:17-20 (Mr. Sacchet: "I think, given the timeline that we're looking at, it's very unlikely that this will be ruled on at the September JPML, so it will be pushed to the December JPML."). During this ***four month*** delay, discovery in this matter continues, including depositions of plaintiffs for which TCA may have relevant, non-privileged information. 3M's inability to question plaintiffs at their depositions about this information has, and will continue to, prejudice 3M.[8]

*Second*, there will be no prejudice to the non-moving party if the stay is not granted for several reasons. As an initial matter, TCA is located in Arizona—this Court is its local court, and it is not prejudiced by litigating here. And to the extent TCA thought that this motion should be heard in the MDL, it could have sought to transfer the motion to compel when it was filed, rather than waiting until the motion was fully briefed and then seeking a

---

[8] While TCA argues that once transferred, "3M may have its Motion to Compel heard promptly by the MDL Court," Dkt. No. 35, at 14, TCA ignores that plaintiffs in the MDL, as they have stated here, will likely move to submit additional briefing, which will need to be fully briefed before that court issues any decision on the merits. To the extent that this Court determines that intervention by MDL Plaintiffs is warranted, and does not grant the motion to transfer, 3M requests that this Court limit any supplemental briefing by MDL Plaintiffs to those issues not adequately addressed by TCA in its opposition to 3M's motion to compel.

stay. TCA also argues that "if this Court does not grant a stay, Plaintiffs Leadership Counsel and countless plaintiffs may be forced to intervene in this action to assert their rights," and that "[t]here is no rational basis for such duplicative litigation." Dkt. No. 35, at 14. But the MDL Plaintiffs have already moved to intervene, which motion is scheduled for hearing on November 3 and would likewise be decided before they would suffer any prejudice. *See* Dkt. No. 38. And since MDL Plaintiffs have moved to intervene, and 3M has already been forced to engage in this "duplicative litigation," TCA no longer has any basis for a stay. Indeed, the duplicative litigation caused by transferring the case to the MDL court would be extensive: this Court's efforts will be duplicated by Judge Rodgers and/or Magistrate Judge Jones, and 3M will likely be required to file duplicative briefing before the MDL court. The third factor—judicial resources saved by avoiding duplicative litigation—also weighs against granting the stay.

3M appreciates the efforts already expended by this Court in considering the motion to compel, and submits that this Court may properly resolve those issues now. *See Boland v. Apartment Inv. & Mgmt. Co.*, No. CV07-1370-PHX-JAT, 2007 WL 4462937, at *1 (D. Ariz. Dec. 14, 2007) ("The Court has considered the Plaintiffs arguments regarding judicial economy and efficiency, but given the procedural background of this case (as set out in Defendants' response) and the Court's interest in managing its own calendar, the Court will deny the motion to stay."); *Tucson Med. Ctr.*, 2018 WL 6629659, at *1 (denying motion to stay pending decision on motion to transfer to MDL). As explained above and in 3M's response to TCA's motion to continue the hearing, this case was improperly tagged for inclusion in the MDL because it does not share common factual questions with the MDL. *See* Dkt. No. 27. Accordingly, this Court can find that this dispute does not merit consolidation, and deny the motion to stay. *See Cettolin v. GMAC*, No. CV-10-8036-PCT-JAT, 2010 WL 2640341, at *1 (D. Ariz. July 1, 2010) (agreeing with defendants that the claims in the case did not relate to those in the MDL, and finding that "Plaintiffs have failed to show that transfer and consolidation with the MDL is warranted," therefore "no stay of

this case pending resolution of a transfer motion by the panel on multidistrict litigation is necessary."). The requested stay is not warranted and will further prejudice 3M. 3M respectfully requests that this Court deny TCA and MDL Plaintiffs' motion to stay this action.

## CONCLUSION

For the foregoing reasons, this Court should deny MDL Plaintiffs' motion to intervene, as well as TCA and MDL Plaintiffs' motion to transfer or refer this matter to the MDL Court for adjudication pursuant to Federal Rule of Civil Procedure 45(f) or 28 U.S.C. § 1407, or alternatively, to stay this proceeding.

| | |
|---|---|
| Date:  September 30, 2020 | Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br><br>By: */s/ Tabitha J. De Paulo*<br>Tabitha J. De Paulo (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>609 Main Street<br>Houston, TX 77002<br>Tel.: (713) 836-3600<br>Email: tabitha.depaulo@kirkland.com<br><br>*Attorneys for 3M Company, 3M Occupational Safety, LLC, Aearo Technologies LLC, Aearo LLC, Aearo Holding LLC, and Aearo Intermediate, LLC* |

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Kirkland & Ellis LLP, 2049 Century Park East, Suite 3700, Los Angeles, California 90067.

I hereby certify that on September 30, 2020, I caused the attached document described as:

**3M COMPANY'S OPPOSITION TO (I) TOP CLASS ACTION LLC'S MOTION TO TRANSFER TO MDL COURT OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND (II) MDL PLAINTIFFS' MOTION TO INTERVENE AND MOTION TO TRANSFER OR STAY**

to be electronically transmitted to the Clerk's Office using the CM/ECF System for court filing, which will serve all counsel of record.

Executed on September 30, 2020 in Los Angeles, California.

Manu Salas