CERTIFIED A TRUE COPY
Jessica J. Lyublanovits, Clerk of Court

Donna Bapzik
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: 3M COMBAT ARMS EARPLUG           MDL No. 2885
PRODUCTS LIABILITY LITIGATION

### TRANSFER ORDER

**Before the Panel:** Plaintiffs 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC (together, 3M) in the action listed on Schedule A (*TCA*) move under Panel Rule 7.1 to vacate our order that conditionally transferred the action to the Northern District of Florida for inclusion in MDL No. 2885. Defendant Top Class Actions LLC (TCA) and plaintiffs in MDL No. 2885, through court-appointed leadership counsel, oppose the motion to vacate.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2885, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2885 arise out of allegations that defendants' Combat Arms earplugs were defective, causing plaintiffs to develop hearing loss and/or tinnitus. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368 (J.P.M.L. 2019). *TCA* involves 3M's motion to compel compliance with a subpoena *duces tecum* it served on TCA, which operates a website that contains content about class action settlements, investigations, and lawsuits, including attorney advertising. The subpoena sought documents relating to prospective MDL No. 2885 plaintiffs, including, (1) prospective claimants' submissions to TCA's website regarding potential claims and damages; (2) marketing or advertising to join MDL No. 2885; (3) communications between plaintiffs' law firms and TCA; (4) referrals of prospective plaintiffs to a lawyer; and (5) financial interest or ownership that any plaintiffs' law firm has in TCA. TCA has objected to the production of the requested documents on grounds that they are protected by the attorney-client privilege and/or constitute attorney work product.

Plaintiffs argue that transfer is not appropriate because the subpoena dispute between TCA and 3M shares no common questions of fact with plaintiffs' claims in the MDL as to the design, testing, sale, and marketing of Combat Arms earplugs. Rather, they argue, the dispute centers on legal issues concerning the scope of client confidentiality, the attorney-client privilege, and the attorney work product doctrine. Plaintiffs also argue that the District of Arizona has expended considerable effort to consider the parties' briefs on 3M's motion to compel.

We do not find 3M's arguments persuasive. While the Panel has not often considered transfer of subpoena actions, "it is not unprecedented." *See In re Online DVD Rental Antitrust Litig.*, 744 F. Supp. 2d 1378, 1378 (J.P.M.L. 2010) (denying motion to vacate CTO with respect to motion to quash deposition subpoena). Here, the subpoena action undoubtedly shares common

-2-

factual questions with MDL No. 2885. The subpoena was issued by the transferee court, and it concerns discovery from a third party relating to the claims and injuries of MDL No. 2885 plaintiffs. 3M concedes that the subpoena "arises out of" MDL No. 2885. TCA consents to transfer, and the affected MDL No. 2885 plaintiffs have sought, through counsel, to intervene in *TCA*.

Both MDL No. 2885 defendants as plaintiffs in TCA and MDL No. 2885 plaintiffs as potential intervenors are involved in this action. The transferee court therefore is well placed to resolve 3M's motion to compel and the MDL plaintiffs' challenges to the subpoena—challenges that may well be repeated with respect to other subpoenas and other third parties—given its familiarity with the factual and legal issues in MDL No. 2885.

The District of Arizona court continued a hearing on the motion to compel and first will hear the MDL No. 2885 plaintiffs' motion to intervene and transfer, and TCA's motion to transfer. Requiring a judge in the District of Arizona to familiarize himself with the particulars of MDL No. 2885 would not promote the just and efficient conduct of this action or the litigation as a whole, as "the transferee judge is so thoroughly familiar with the issues in this litigation." *In re Online DVD*, 744 F. Supp. 3d at 1378.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*
Karen K. Caldwell
Chair

Catherine D. Perry  Nathaniel M. Gorton
Matthew F. Kennelly  David C. Norton
Roger T. Benitez  Dale A. Kimball

**IN RE: 3M COMBAT ARMS EARPLUG**            MDL No. 2885
**PRODUCTS LIABILITY LITIGATION**

## SCHEDULE A

<u>District of Arizona</u>

3M COMPANY, ET AL. v. TOP CLASS ACTIONS LLC, C.A. No. 2:20-mc-00031